Gerald E. MAGARO

v.

**COMMANDING OFFICER, ARMED FORCES ENTRANCE EXAMINATION CENTER, SAN ANTONIO, TEXAS; Local Board No. 55, Harrisburg, Pa.**

**Civ. A. No. SA69CA66.**

United States District Court
W. D. Texas,
San Antonio Division.

April 4, 1969.

James M. Simons, Austin, Tex., Maury Maverick, Jr., San Antonio, Tex., for plaintiff.

Seagel V. Wheatley, U. S. Atty., for defendant.

ORDER

SPEARS, Chief Judge.

On this the 4th day of April, 1969, came on to be considered the petition for writ of habeas corpus filed herein by petitioner on March 14, 1969, wherein he seeks to obtain release from the custody of the military authorities. He contends that he was denied due process of law when his Local Selective Service Board failed to re-open his classification on two separate occasions, the first occurring in June of 1968 [at which time he requested a II–A classification because of his status as a VISTA volunteer], and the second occurring in January of 1969 [at which time he requested a I–A–O classification on grounds of conscientious objections]. He further alleges that he was denied due process when his Board subsequently refused to send him a Form 150 for the setting forth of a request for a I–O classification. Since this Court is of the opinion that none of petitioner's constitutional rights have been violated the petition will be denied.

Petitioner was originally registered in March of 1961 with Local Board No. 55 in Halifax, Pennsylvania (Dauphin County). On January 15, 1964 he was classified I–A; however, on February 24, 1964 he was reclassified II–S, until about June of 1967, when he graduated from law school, whereupon, he was reclassified I–A. He then sought a II–S deferment for graduate study or a II–A occupational deferment for his position as an attorney for the Legal Aid Society of Cleveland. On April 17, 1968, the Local Board considered his request for an occupational deferment and decided that his case should not be reopened as circumstances did not warrant a deferment. Having submitted to a pre-induction physical on May 23, 1968, petitioner was found fit for induction on June 27, 1968. On June 13, 1968, petitioner had submitted a letter to the Local Board wherein

he advised the members of a change in his occupational status, to wit, that he would commence a training program with VISTA on June 27, 1968. On July 23, 1968, petitioner was ordered to report for induction on August 8, 1968. On August 7, 1968, the State Director of the Selective Service System in Pennsylvania, requested a postponement of the induction order so that the petitioner's VISTA training status could be verified and the members of the Local Board would have time to consider petitioner's request for a II–A classification. Petitioner's occupational status was verified in a letter received by the Board on August 19, 1968. On August 21, 1968, the Board reviewed the file and advised petitioner that his classification would not be reopened. He was told that he should report for induction on September 6, 1968. On September 1, 1968, petitioner wrote a letter to the Board in which he requested an opportunity to make a personal appearance. On September 3, 1968, petitioner's induction was again postponed in order to afford the State Director of the Selective Service System time to review the case. On September 26, 1968, an appeal to the National Selective Service Appeal Board was taken by the Director of the Selective Service System [pursuant to Section 1627.1 of the Selective Service Regulations]. On November 18, 1968, petitioner's case was considered by the Appeal Board, and a vote of 3–0 resulted in a I–A classification for petitioner. Thereafter, on December 16, 1968, petitioner's Local Board advised him that he was to report for induction on January 8, 1969.

On December 30, 1968, petitioner requested a SSS Form 150 from the Local Board [No. 119] in Austin, Texas. On January 6, 1968, petitioner's Local Board in Pennsylvania received the completed Form 150, wherein petitioner claimed exemption from combatant training, but indicated that he was prepared to serve in a noncombatant capacity. He requested a I–A–O classification. On the same day, the Board received letters from various individuals who indicated their views with respect to petitioner's religious beliefs and disposition, but the Board decided not to reopen the classification. On January 6, 1969, petitioner telephoned the Board in Pennsylvania and learned of its decision, whereupon, he filed a request to be allowed to report for induction before the Local Board in Austin. Said request was granted, and petitioner was advised that the Local Board in Austin would notify him of the date and place to report.

On January 27, 1969, petitioner wrote another letter to his Local Board in Pennsylvania, in which he stated that he was "unalterably opposed to service in the armed forces in any form." He based this decision "upon the likelihood that a noncombatant conscientious objector might be forced to take up arms." He requested that the Board send him a Form 150 so that he could make a formal claim in that regard, and that the Board reopen his classification and place him in the category I–O. By letter dated February 3, 1969, the Executive Secretary of the Local Board in Pennsylvania advised petitioner that: "The members refused to reopen your classification when you claimed I–A–O and completed the SSS Form 150; they are not compelled at this time to send you another Form 150." This action was taken by the Executive Secretary pursuant to a telephone call which she made to Lieutenant Colonel Williard I. Silverberg at the State Selective Service Headquarters [as evidenced by "Report of Oral Information" contained in petitioner's Selective Service file]. On the same date (February 3, 1969) the Local Board in Austin mailed petitioner an "Order for Transferred Man to Report for Induction", whereby petitioner was advised to report for induction on February 25, 1969. On February 18, 1969, petitioner completed SSS Form 230, wherein he requested that he be allowed to report for induction before Local Board 9 in San Antonio, Texas. On February 20, 1969, petitioner's Local Board in Pennsylvania ad-

vised him that his request for transfer was disapproved, and that he would be expected to report as ordered by Local Board 119 in Austin, Texas, on February 25, 1969.

Petitioner seeks a determination by this Court that would result in the cancellation of his induction order, and a reopening of his classification in order that his conscientious objector claim might be properly considered.

## THE JUNE REQUEST FOR A II–A CLASSIFICATION

Selective Service Regulation 1622.20 (General Rules for Classification in Class II) provides in part as follows: "(a) On the local board is placed the responsibility, under applicable rules and regulations, of deciding which men should be deferred because of their civilian activities. * * *"

Regulation 1625.2 (When Registrant's Classification May Be Reopened and Considered Anew) provides in part as follows: "The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *."

Regulation 1632.2 (Postponement of Induction—General) provides in part that: "* * * any State Director of Selective Service (as to registrants registered within his State) may, for good cause, at any time after the issuance of an Order to Report for Induction (SSS Form 252), postpone the induction of a registrant until such time as he may deem advisable, * * *."

Regulation 1625.4 (Refusal to Reopen and Consider Anew Registrant's Classification) provides in part that: "When a registrant, * * * [or] any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified, or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. * * *"

Regulation 1626.1 (Appeal by Director and State Director) provides that: "Either the Director of Selective Service or the State Director of Selective Service as to local boards in his State, may appeal from any determination of a local board at any time."

Keeping in mind the foregoing regulations, and petitioner's claim for a II–A occupational deferment, it is apparent that any decision with regard to an occupational deferment such as was presented by petitioner in this case, is left in the hands of the local board. The provision with respect to the reopening and reconsideration of a classification is not couched in mandatory terms [it is to be noted that Selective Service Regulation 1625.3 is a mandatory provision for reopening and considering anew a registrant's classification]. The Local Board was therefore not under a positive obligation to reopen petitioner's classification. The Board's decision against the reopening of the classification did not result in the deprivation of any right to which petitioner was entitled. Furthermore, it is significant that the National Director of the Selective Service System did take an appeal to the Presidential Appeal Board, as provided in Selective Service Regulation 1627.1. Upon such an appeal, a registrant's classification is considered de novo, and the Appeal Board's classification is one of first instance, not a mere affirmance or reversal of the Local Board. As a consequence, any prejudice

on the local level is cured by a fair consideration on the appeal. See DeRemer v. United States, 340 F.2d 712 (8th Cir. 1965); Title 50 U.S.C.App. § 456(j); Clay v. United States, 397 F.2d 901 (5th Cir. 1968.

THE JANUARY 1969 REQUEST FOR A I–A–O CLASSIFICATION

At the outset of the discussion of this point, it is to be noted that petitioner's request was made after an Order to Report for Induction had issued on December 16, 1968, requiring petitioner to report for induction on January 8, 1969.

Selective Service Regulation 1625.2 (When Registrant's Classification May be Reopened and Considered Anew) provides in pertinent part that " * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form 252) * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

Petitioner argues that his conscientious objector claim meets the requirements of this regulation (1625.2), because it constituted a change in status which arose from circumstances over which he had no control. He further contends that he presented a prima facie case for exemption as a conscientious objector and he was therefore entitled to a reopening of his classification with all attendant procedural rights of personal appearance and appeal. Petitioner's third contention is that Selective Service Regulation 1625.2 does not apply to his claim because it has the effect of denying late claims of conscientious objection, and as such violates the spirit of Title 50 U.S.C.App. § 456(j). Petitioner's final contention is that the Board, in considering his claim on January 6, 1969, did in fact consider its merits, and such consideration amounted to a reopening of his classification.

 Selective Service Regulation 1625.2 is not permissive, but mandatory, and it divests the Local Board of jurisdiction to reopen the classification of a registrant after the mailing of an Order to Report for Induction, "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control". The Board found no such change of status. Since only a "change in status" occurring after issuance of the induction order would require the Board to reopen a registrant's classification, it was incumbent upon petitioner to allege and demonstrate that his views had crystallized after receipt of the induction notice, and that this change in status was beyond his control. A reading of petitioner's claim forwarded on SSS Form 150, and a reading of the various letters submitted on petitioner's behalf, indicate that petitioner's views were long standing. Furthermore, the Fifth Circuit Court of Appeals, in the case of Davis v. United States, 374 F.2d 1 (1967) held that "Belated development of conscientious objection is not a change in status beyond the control of the registrant". See also United States v. Jennison, 402 F.2d 51 (6th Cir. 1968); Nelloms v. United States, 399 F.2d 295 (5th Cir. 1968); United States v. Helm, 386 F.2d 434 (4th Cir. 1967); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966); United States v. Al-Majied Muhammad, 364 F.2d 223 (4th Cir. 1966); Porter v. United States, 334 F.2d 792 (7th Cir. 1964); United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953).

Petitioner's second and fourth claims can be disposed of together. In view of the language used in Selective Service Regulation 1625.2, which categorically declares that the classification of a registrant shall not be reopened after an order to report for induction has been mailed unless there is a specific finding by the local board of "a change in the registrant's status resulting from circumstances over which the registrant had no control", the local board is required to *consider* a post-induction order request for a reopening. However, peti-

tioner's claim that such consideration of a request for reopening amounts to the actual act of reopening and considering anew the registrant's classification, is untenable. In a recent decision, Chaney v. United States, 406 F.2d 809, the Fifth Circuit said: "The act of *considering the request for a reopening* should not be confused with the more significant act of *reopening and considering anew the registrant's classification*. The latter act would by virtue of 32 C.F.R. section 1625.14 result in the cancellation of an order to report for induction or for civilian work and would by virtue of section 1625.13 bring about 'the same right of appearance before the local board and the same right of appeal as in the case of an original classification.' The mere consideration of a request for a reopening has no such effect and would not interfere with the induction process unless the local board, after considering the registrant's request for a reopening, did in fact decide to 'reopen and consider anew' the registrant's classification within the meaning of section 1625.2." It is thus evident that the Board's consideration of the matter was entirely proper, and the fact that the decision was made against reopening petitioner's classification militates against petitioner's contention that he presented a prima facie case which would warrant reopening.

■ This Court also rejects petitioner's argument that Selective Service Regulation 1625.2 is inapplicable to reopenings requested for the purpose of reclassifying a registrant into Class I–A–O. The validity and reasonableness of the regulation has been uniformly upheld by the courts. *See* Davis v. United States, *supra*; Parrott v. United States, *supra*; United States v. Taylor (6th Cir., 1965), 351 F.2d 228; Porter v. United States, *supra*; Keene v. United States, 266 F.2d 378 (10th Cir. 1959); United States v. Schoebel, *supra*. In this Court's opinion, Selective Service Regulation 1625.2 is a fair regulation for the guidance of the board in extending the exemption to registrants. In

Keene v. United States, supra, Judge Murrah in speaking for the Court upon the very problem here involved, epitomized the reasons for this conclusion: "Concededly, no one has a constitutional right to exemption from military service. It is a matter of legislative grace. * * * It does not seem unreasonable or derogatory to the spirit and purpose of the exempting statute to provide by regulation that no request for reopening and reclassification shall be entertained after notice to report for induction is mailed. Otherwise, the whole machinery of the selective service process may conceivably be disrupted by last minute changes in status for purposes of avoidance. Such is the manifest purpose of the proviso in Regulation 1625.2. We think the Regulations have application to a conscientious objector's claim as all other claims for a change in status. It seems also entirely consistent with the procedural safeguards provided in the selective service process to say that the circumstances relied upon to show a change in status must have occurred after the induction notice was mailed. * * * "

■ As to Petitioner's claim that the Board's denial of a personal interview deprived him of the right to due process, it need only be noted that the right of personal appearance and appeal is available only when there has been a reopening and classification. See Selective Service Regulations 1625.11 and 1625.13. Since this Court has already held that the Local Board's refusal to reopen the petitioner's classification did not amount to a denial of due process, it follows that said valid refusal carried with it no right of personal appearance or appeal.

## THE LOCAL BOARD'S PROCESSING OF I–O CLAIM

■ Petitioner's third claim is that the Local Board acted improperly when it refused to send him a Form 150 and to take no further action with respect to his conscientious objector claim. A reading of petitioner's request for this form reveals that petitioner's second claim was based on the same premise as

was his first claim for a I–A–O classification, to wit, he was opposed to the idea of being required to bear arms and possibly being required to kill other human beings. In this connection, petitioner's request for another SSS Form 150 came at a time subsequent to the Board's denial of a I–A–O classification. In his communication he requested the Board to reopen his classification and place him in the category I–O. No new reason was advanced by petitioner, other than his previously asserted objection to "bearing arms". This Court is unable to find any authority which permits the use of noncombatant members of the armed forces in activities where they might have to bear arms. On the contrary, Army Regulation 600–200 details the manner in which Army personnel are to be used. A reading thereof negates petitioner's mistaken belief that he might be required to bear arms even if he had received a I–A–O classification. This Court is of the opinion that any procedural irregularity which may have occurred here did not result in prejudice to petitioner, and thus did not reach the gravity of a denial of due process. See Edwards v. United States, 395 F.2d 453 (9th Cir. 1968); United States v. Lawson, 337 F.2d 800 (3rd Cir. 1964), cert. denied, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804; Martin v. United States, 190 F.2d 775 (4th Cir. 1951). Courts have responded to the necessity of "balancing between the demands of an effective system for mobilizing the Nation's manpower in times of crisis and the demands of fairness toward the individual registrant". Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955).

In view of the foregoing, this Court concludes that petitioner is not entitled to the relief sought in this Court, accordingly his petition for writ of habeas corpus is DENIED and the temporary restraining order heretofore granted is hereby DISSOLVED.

The judgment entered herein on this day shall be stayed for a period of ten (10) days to permit the filing of an appeal in the Court of Appeals for the Fifth Circuit. In the event an appeal is taken this judgment shall be stayed for an additional period of ten (10) days to allow the Appellate Court to decide whether or not it will grant a further stay; it being expressly understood that the stay periods provided for herein shall not be extended or enlarged by this Court, unless ordered to do so by the Appellate Court.