**UNITED STATES of America**

v.

**Craig Joseph CASSARINO.**

**Crim. A. No. 6943.**

United States District Court,
D. New Hampshire.

June 25, 1970.

David A. Brock, U. S. Atty., Concord, N. H., for plaintiff.

Gerald R. Prunier, Leonard, Leonard, Prolman & Prunier Nashua, N. H., for defendant.

OPINION AND ORDER

BOWNES, District Judge.

Craig Joseph Cassarino was indicted for failure to report and submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.

App. § 462 (Supp. IV 1968).[1] He was tried by the Court without a jury. There are two issues: (1) did the Local Selective Service Board follow the correct procedure, prescribed by 32 C.F.R. § 1625.2, with respect to the defendant's claim of conscientious objector status after he had received Notice to Report for Induction; and (2) if the Board did follow the correct procedure, is there a "basis in fact" for its denial of the defendant's request to reopen his classification?

The Court finds the following facts. The defendant registered at the Local Selective Service Board in Milford, New Hampshire, on August 16, 1962, shortly after his eighteenth birthday. He was classified I-A on April 17, 1963, and enlisted in the New Hampshire Air National Guard on June 15, 1963, for six years. On June 26, 1963, the defendant was classified I-D (member of Reserve component). On December 20, 1967, the New Hampshire Air National Guard notified the Local Board that the defendant had been discharged, effective December 11, 1967, "for failure to meet minimum military technical or academic training requirements imposed as conditions of enlistment." Ex. 1–7. The defendant was reclassified I-A January 22, 1968. On January 26, 1968, the defendant was notified of this classification and also of his right to a personal appearance before the Local Board and to appeal to the State Appeal Board within thirty days. The defendant did not request a personal appearance and did not appeal his classification. The defendant was ordered to report, and did report, for a physical examination on March 19, 1968, and was found "acceptable."

On April 8, 1968, the defendant's Order to Report for Induction on May 24, 1968, was mailed to him. On that same day, April 8th, the defendant, prior to receipt of his induction order and with no knowledge of it, went to the Local Board and requested a Special Form for Conscientious Objector (SSS Form 150) which he returned to the Board on April 18, 1968. On April 22, 1968, the Board reviewed the defendant's Special Form for Conscientious Objector and decided not to reopen his classification, and so notified him on April 23, 1968.

The defendant failed to report for induction as ordered.

The regulation governing the Board's action upon receipt of the defendant's request for conscientious objector status is 32 C.F.R. § 1625.2 which provides in part:

The local board may reopen and consider anew the classification of a registrant * * * upon the written request of the registrant * * * provided * * * the classification of a registrant *shall not be reopened* after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control. (Emphasis added.)

The procedure to be followed under this regulation and in this situation has been set out by the Second Circuit in United States v. Gearey, 368 F.2d 144 (2nd Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368, reh. denied, 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967) which was adopted by the First Circuit in United States v. Stoppelman, 406 F.2d 127, 131 n. 7 (1st Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969).[2]

[T]he Local Board must first determine when an applicant's beliefs matured. If the Board properly concludes that the claim existed before

---

1. Although the indictment specifies § 462, it is clear that § 462(a) was intended, and so understood by all parties.

2. See also United States v. Gearey, 379 F.2d 915 (2nd Cir. 1967) cited with approval by the Supreme Court in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

the notice was sent, the classification may not be reopened. If the Board finds, however, that the applicant's beliefs ripened only after he received his notice, and that his beliefs qualify him for classification as a conscientious objector then a change in status would have occurred "resulting from circumstances over which the registrant had no control," and he would be entitled to be reclassified by the Local Board. 368 F.2d at 150. (Footnotes omitted.)

The basis for the action of the Local Board at their meeting on April 22, 1968, is unclear at best. The Court must rely solely on the following two sources in determining what basis there was.

(1) Minutes of Local Board Meeting:

On April 22, 1968, the form and attachments were reviewed by the board at the meeting and the board decided by vote of 4–1 not to reopen the case and so notify the registrant, to appear as scheduled. He was classified I–A last Jan. and did not appeal or request an appearance before the board. His rights had expired but the board did review the information and based on the information, did not reopen his case. Ex. 2.

(2) Report of Oral Information (received by Executive Secretary from Members of Board):

The board at its meeting held today voted 4–1 not to reopen registrant's case. They did review the claim for conscientious objector, received after the order to report for Ind. was issued. They informed the clerk to inform the registrant by letter of the board's decision and to instruct him to report for Ind. as scheduled for 5–24–68.

Judge Lizotte was the one dissenting vote. He felt that a finding should be made as to when the conscientious objector views crystalized by registrant, as part of the record. Ex. 1–32.

Although Judge Lizotte's dissent makes it clear that the Board did not determine when the defendant's beliefs matured this defect in procedure is not necessarily fatal to the government's case. The Second Circuit in *Gearey II* stated:

This procedure was devised in order to insure that Boards will hereafter reach the merits of a registrant's claim of conscientious objection, despite its assertion after the receipt of an induction notice, provided his beliefs had not matured before that time. But when the record reveals * * * that the Board members have in fact considered the registrant's claim on its merits, and have rejected it only because they believe that it is not genuine, it would be labor in vain to require the Board to determine when the claim matured. United States v. Gearey, 379 F.2d 915, 920 (2nd Cir. 1967).

██ It is also clear that the Board members did consider the defendant's claim on its merits. The basis, however, for the Board's refusal to reopen his case is *not* clear. No reasons at all were given for its action. This failure makes it impossible for this Court to determine whether or not there is a "basis in fact" for the Board's denial of the defendant's request to reopen his classification. This Court is aware that the Second Circuit in *Gearey I* remanded the case to the District Court to enable the Judge to ascertain from the Local Board precisely what it meant. 368 F.2d at 151. This Court is not so inclined. The government in a criminal case has the burden of proof beyond a reasonable doubt. It has failed to sustain that burden.

The defendant is adjudged not guilty.

So ordered.