**UNITED STATES of America**

v.

**John Stephen MADDEN, Jr.**

**Crim. A. No. 6970.**

United States District Court,
D. New Hampshire.

July 8, 1970.

----◆----

David A. Brock, U. S. Atty., Concord, N. H., for plaintiff.

Paul R. Kfoury, Manchester, N. H., for defendant.

## MEMORANDUM OPINION

BOWNES, District Judge.

John Stephen Madden, Jr., was indicted for refusing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462 (Supp. IV 1968).[1] He was tried by the Court without a jury.

The Court finds the following facts. The defendant registered at the Local Selective Service Board in Nashua, New Hampshire, on April 27, 1966, the day following his eighteenth birthday. He was classified I–S–H (high school student) May 24, 1966, until June, 1967. On June 10, 1967, he was reclassified I–A. On October 20, 1967, he was reclassified II–S (student deferment) and he remained in that classification until March 18, 1969, when he was reclassified I–A. On March 20, 1969, the defendant was notified of this classification and also of his right to a personal appearance before the Local Board and to an appeal to the State Appeal Board within thirty days. On April 16, 1969, the defendant notified the Board by letter of his wish to appeal, and his reasons for appealing. On April 22, 1969, the Board reviewed the defendant's file and his letter and forwarded them to the State Appeal Board. On May 21, 1969, the State Appeal Board denied the defendant's appeal. The defendant was ordered to report, and did report, for a physical examination on May 22, 1969, and was found "acceptable."

On June 12, 1969, the defendant's Order to Report for Induction on July 25, 1969, was mailed to him. On June 30, 1969, the defendant requested that the Local Board send him a Special Form for Conscientious Objector (SSS Form 150), which was sent to him on July 3, 1969. The defendant returned the Form to the Board on July 15, 1969, and on July 24, 1969, he received the following letter dated July 23, 1969, from the Board:

Dear Mr. Madden:

This is notification that your case was reviewed and considered at a board meeting held this morning and your classification was not reopened.

---

1. Although the indictment specifies § 462, it is clear that § 462(a) was intended, and so understood by all parties.

Therefore, you are to report for induction on July 25, 1969 at 7:15 a. m. as ordered.

Ex. 1–37.

On July 25, 1969, the defendant reported, as ordered, but, after being found qualified and given all the proper warnings, he refused to take the symbolic step forward.

The issue is whether or not there is a "basis in fact" for the Board's denial of the defendant's request to reopen his classification. The government contends that any registrant who claims conscientious objector status, after receiving a Notice to Report for Induction, must make out a *prima facia* case of change of status in his Special Form for Conscientious Objector, before the Board need reopen his classification. The government further contends, citing Magaro v. Commanding Officer, Armed Forces Entrance Examination Center, San Antonio, Texas, 308 F.Supp. 889 (W.D.Tex. 1969), that if the Form fails to state when the registrant's conscientious objector views crystalized, he has failed to establish a *prima facia* case for reopening. *Magaro* is distinguishable from the case at bar. There, the defendant's Form, along with letters received from various individuals, indicated that his beliefs were long standing. 308 F.Supp. at 893. However, even if this Court were to accept the government's argument, which it does not, the decision as to whether or not the registrant has made out a *prima facie* case is for the Board to make *in the first instance*. The government has presented no evidence that the Board made such a

determination. The Board, in fact, may have found that the defendant did make out a *prima facie* case, and then rejected his claim on totally different grounds. Since no evidence was presented with respect to the reasons for the Board's refusal to reopen, the Court is unable to decide whether there is a "basis in fact" for the Board's decision. The Court, therefore, grants the defendant's motion for judgment of acquittal.[2]

So ordered.[3]

2. The government also relied on Paszel v. Laird, 426 F.2d 1169 (2nd Cir. 1970), which it asserted greatly diluted the strength of United States v. Gearey, 368 F.2d 144 (2nd Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368, reh. denied, 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967).
The First Circuit's endorsement of the reasoning in Gearey I in United States v. Stoppelman, 406 F.2d 127 n. 7 (1st Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969), is controlling in this circuit.

For this Court's view of Gearey, see United States v. Cassarino, 314 F.Supp. 813 (1970).

3. The Court notes that it is not at this time deciding that the defendant is or is not a conscientious objector, nor that he did or did not make out a *prima facie* case for conscientious objector status in his SSS Form 150.
The Court would also point out that the defendant is still subject to the Selective Service laws.