UNITED STATES of America, Appellant,

v.

Lawrence G. LEMKE, Appellee.

No. 25683.

United States Court of Appeals, Ninth Circuit.

March 19, 1971.

Paul Sloan (argued), James L. Browning, Jr., U. S. Atty., Coleman Bresse, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Garfield Steward, San Francisco, Cal. (no argument), for appellee.

Before KILKENNY and TRASK, Circuit Judges, and FERGUSON, District Judge.*

PER CURIAM:

Appellee was indicted for failure to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.App. § 462. After pleading not guilty, he moved to dismiss the indictment on the ground that one member of his local board, although a resident of the county in which the local board sat, was not a resident of the geographical section of the county over which the board had jurisdiction. The trial court, after a pre-trial hearing, held that the local board was illegally constituted, that the order to report for induction was void and dismissed the indictment. The government appeals.

We need pass on only two issues: (1) our jurisdiction over the appeal, and (2) whether the local board was legally constituted.

### JURISDICTION

The intervening decision of the Supreme Court in United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed. 2d 26, resolves the jurisdictional issue against the appellee. In *Weller*, on a comparable jurisdictional issue, the Supreme Court held it had no jurisdiction and remanded the cause to this court for further proceedings.

### COMPOSITION OF LOCAL BOARD

Subsequent to the decision in the lower court, we decided United States v. Wallace, 435 F.2d 12 (9th Cir. 1970); United States v. Berger, 434 F.2d 610 (9th Cir. 1970), and United States v. Reeb, 433 F.2d 381 (9th Cir. 1970).

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

In each of these cases, we held that a local board member was not required to be a resident of the area over which his local board had jurisdiction.

We do not reach the other issues presented in the briefs.

The judgment of the lower court is set aside and the cause remanded with directions to reinstate the indictment and proceed to trial in accordance with customary practice and procedure.

It is so ordered.