**UNITED STATES of America,
Appellant,**

v.

**Michael Stephen FINDLEY, Defendant,
Appellee.**

**No. 7765.**

United States Court of Appeals,
First Circuit.

March 22, 1971.

---

William B. Cullimore, Asst. U. S. Atty., with whom David A. Brock, U. S. Atty., was on brief, for appellant.

Gerald R. Prunier, Nashua, N. H., with whom Leonard, Leonard, Prolman & Prunier, Nashua, N. H., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal by the government from the dismissal of an indictment. The facts are these. Defendant, classified I-A by his local Selective Service Board, was ordered to report for induction on June 24, 1969. After receipt of this notification, he requested SSS Form 150, seeking a conscientious objector classification, which he completed and returned to the Board on June 2. The Board thereafter wrote him as follows.

"This letter is to advise that your case was considered by the Board at a meeting held June 24, 1969. The Board did not reopen your classification."

Apparently defendant's induction date was postponed to August 26. On that date he reported, but refused to submit.

To the customary indictment under 50 U.S.C. App. § 462, the defendant filed a motion to dismiss on the ground that "no reasons [were] given" by the Board for the refusal to reopen his classification, citing the court's previous decision in United States v. Cassarino, D.N.H., 1970, 314 F.Supp. 813, that such failure means that the government has not proved its case beyond a reasonable doubt. At the hearing on the motion the government stipulated, at the defendant's request, that like *Cassarino* this was a post-order-to-report case, and that the Board had given no reason for its refusal to reopen. The court inquired whether defendant's Form 150 "set out facts which established a prima facie case for conscientious objector classification?" Upon defendant's statement that this matter was not relevant so far as his motion was concerned, the court in agreement, withdrew its in-

quiry, and the form was not introduced.[1] The court thereupon granted the motion on the basis of its *Cassarino* opinion.

The government asserts that this order is appealable by it, under 18 U.S.C. § 3731. That matter not appearing as obvious to us, we requested a brief with particular reference to United States v. Sisson, 1970, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608. The government responded with a scholarly memorandum discussing earlier cases, but which, unfortunately, stopped short of what we had in mind with regard to *Sisson*. Its entire memorandum was devoted to showing why an appeal did not lie to the Supreme Court. With this we quite agree. See United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (2/24/71), post. Our difficulty is that although labelled a motion to dismiss, under the rationale of *Sisson* the court's action was in reality an acquittal, or, more precisely, a summary judgment on the merits not appealable anywhere under section 3731.

 Section 3731, in relaxing the normal principle that the government has no appeal in criminal cases, is of limited scope. *See Sisson*, ante, 399 U. S. at pp. 291–296, 90 S.Ct. 2117, 26 L. Ed.2d 608; Carroll v. United States, 1957, 354 U.S. 394, 400–403, 77 S.Ct. 1332, 1 L.Ed.2d 1442; United States v. Apex Distributing Co., 9 Cir., 1959, 270 F.2d 747. The only possibly pertinent part of section 3731 is paragraph 6, authorizing appeal to this court,

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section."

Quite obviously this does not mean every dismissal. *See, e. g.*, United States v. Apex Distributing Co., ante (no appeal from dismissal for "unnecessary delay" due to government's unwillingness to comply with discovery order); Umbriaco v. United States, 9 Cir., 1958, 258 F. 2d 625 (conviction set aside for insufficiency of the evidence is a directed acquittal, from which no appeal lies); United States v. Nardolillo, 1 Cir., 1958, 252 F.2d 755 (no appeal from dismissal, after guilty verdict, due to government's refusal to comply with discovery order in connection with motions for acquittal and new trial); United States v. Pack, 3 Cir., 1957, 247 F.2d 168, reaffirming United States v. Janitz, 3 Cir., 1947, 161 F.2d 19. *Apex*, after careful and complete analysis of the legislative history of the relevant paragraph of section 3731, concluded that it authorized appeals only from those dismissals based upon defects in the indictment or information, or in the institution of the prosecution. United States v. Apex Distributing Co., ante, at 755. *Cf.* United States v. Tane, 2 Cir., 1964, 329 F.2d 848 (allowing appeal from pretrial dismissal based on finding indictment the product of an illegal wiretap). We believe this limitation properly reflects the statutory purpose, at least to this extent: that if a dismissal is a result of the showing of evidentiary facts dehors the indictment which, if established at a trial, would constitute a defense on the merits, the court's ruling, however described, *see Sisson*, ante, 399 U.S. at 290, 90 S.Ct. 2117, 26 L.Ed.2d 608, is in effect an acquittal, *see id.* at 288–290, 90 S.Ct. 2117, 26 L.Ed.2d 608 & n. 19, 301, 90 S.Ct. 2117, 26 L.Ed.2d 608, and thus not within the intended purpose of the appeals statute. Findley, like Sisson, did present a defense on the merits (the

---

1. We must, accordingly, take it that in the court's view it was immaterial whether the form was defective or insufficient on its face. Whatever the ultimate resolution of the present dispute as to the duty of the Board to specify its reasoning in refusing to reopen, if the defendant did not even have openers we clearly wonder how or why he should get into the play. *See* Mulloy v. United States, 1970, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (under 32 C.F.R. § 1625.2, Board must reopen if registrant makes a prima facie case). There is no obligation on the Board if he does not.

invalidity of the induction order due to improper classification), based on such independent facts.

■ There can be no question, then, that, had he waited and proved these facts at trial defendant would, assuming the court's view of the law is correct, have been entitled to an acquittal from which, under *Sisson,* no appeal would lie.

Admittedly Findley, unlike Sisson, had not formally been put in jeopardy. It is also true that the parties stipulated to the additional facts in question. But the Court's reasoning in *Sisson* supports our further conclusion that Findley should be treated as he would have been had he raised his defense only at trial. First, see *Sisson,* ante, at 284–286, 90 S.Ct. 2117, 26 L.Ed.2d 608 (if decision on external facts is unappealable, *how* facts arrived at is irrelevant) (dictum). Second, and more important, Justice Harlan's opinion went beyond reliance on the fact that there had been a trial: Sisson's defense was not part of the "general issue" merely because it *had* come up at the trial; rather, such a defense is "necessarily" part of the general issue. *Sisson,* ante, at 301, 90 S.Ct. 2117, 26 L.Ed.2d 608. The Court, furthermore, was willing to support its conclusions by an observation that Sisson's situation was equivalent to a jury acquittal based upon an instruction as to a legal principle. *Id.* at 289, 90 S.Ct. 2117, 26 L.Ed.2d 608. Collectively we believe this was an approach not in terms of double jeopardy, but in terms of the kind of error section 3731 was intended to cover.

Immediately following our tentative conclusion on this matter the Court decided the case of United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (2/24/71). In that case the district court, obtaining the extraneous facts from the defendant's Selective Service file, dismissed an indictment on a Rule 12 pre-trial motion for refusal to report for induction because defendant's counsel had not been permitted to attend his personal appearance before the local board. The district court held that 32 C.F.R. § 1624.-1(b), which precluded counsel at this stage, was an impermissible regulation, not authorized by the Selective Service Act. United States v. Weller, N.D.Cal., 1969, 309 F.Supp. 50. The government appealed directly to the Supreme Court under section 3731. Thereafter the government concluded that the Supreme Court was without jurisdiction and, pursuant to the penultimate paragraph of section 3731, moved in that court to remand to the court of appeals where, it said, jurisdiction lay. The Court granted the motion, over defendant's opposition. In its opinion the Court said nothing with respect to a possible question of the jurisdiction of the court of appeals. Clearly, the implication is that it believed that such jurisdiction existed. Our problem is, what weight must we attach to this implication, and, particularly, must it be conclusive.

Examination of the *Weller* briefs reveals no question raised, and no discussion, except as to the jurisdiction of the Supreme Court. Both parties proceeded on the assumption that jurisdiction in the court of appeals depended solely on a resolution of that question. That there may be a further question as to circuit court jurisdiction is not obvious from the face of the statute. We intend no possible disrespect towards a busy court when we conclude that the fact that such a question exists might well have escaped its attention. We believe that it does exist, at least in this case,[2] and that we must decide it. We believe, further, that the answer depends on *Sisson's* exclusion of appeals where the de-

2. Possibly an argument may be made that *Weller,* involving an interpretation of a regulation, and this not involving the same kind of dependency on facts outside the indictment, presents a different jurisdictional question than the case at bar. We have doubts, but leave that question to the consideration of the Court of Appeals for the Ninth Circuit.

cision was based on the merits.[3] If an appeal will lie in the present case, while it cannot if the defendant waits and subjects himself to jeopardy, informed counsel believing they have a defense on the merits will henceforth protect their clients by avoiding an expediting procedure otherwise beneficial to all concerned, and only ignorant and ill-advised defendants will subject their defense on the merits to a government appeal. We will not adopt such a penalizing construction of the statute.

Appeal dismissed for want of jurisdiction.

3. "[F]indings on evidence presented in the trial of the general issue." 399 U.S. at 301, 90 S.Ct. at 2135.