**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Francis McFADDEN, Defendant-Appellant.**

**No. 71-2956.**

United States Court of Appeals,
Ninth Circuit.

May 25, 1972.

Richard Harrington, (argued) of Athearn, Chandler & Hoffman, San Francisco, Cal., for defendant-appellant.

Michael Field, Asst. U. S. Atty. (argued) Robert Carey, Jr., John Link, James L. Hazard, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

On December 3, 1969, a federal grand jury at San Francisco, California, returned an indictment in one count charging defendant with the willful refusal to submit to induction on May 20, 1969, in violation of Title 50 Appendix, United States Code, Section 462(a). Following the entry of a not guilty plea on December 15, 1969, the defendant waived his right to a jury trial and his case was set for trial on January 30, 1970.

Before the government presented its case in chief, defendant moved to dismiss the indictment on the ground, among others, that the statute denies due process and equal protection to a selective service conscientious objector. The court requested that the government proceed with its case before determining the merits of defendant's motion to dismiss. The government waived an opening statement and moved that a certified and exemplified copy of defendant's selective service file be admitted into evidence. The file was admitted. In addition, the parties stipulated that the transcript in a companion civil case be admitted into evidence. The government then rested its case.

Defendant then renewed his motion to dismiss the indictment. Following a discussion between the parties and the court concerning the applicability of a motion to dismiss, the court took the defendant's motion to dismiss under submission.

The court issued a written opinion, citing facts from the selective service file, dismissing the indictment and asserting that the motion was capable of determination without trial of the general issue. United States v. McFadden, 309 F.Supp. 502 (N.D.Cal.1970).

The United States filed a notice of appeal to the United States Supreme Court.

The Solicitor General of the United States filed with the Supreme Court his "Jurisdictional Statement", asserting that the order of dismissal was made before trial.

On April 5, 1971, the United States Supreme Court in a Memorandum Order vacated the judgment of the district court and remanded the case to the district court for reconsideration in the light of Gillette v. United States and Negre v. Larsen, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (March 8, 1971). United States v. McFadden, 401 U.S. 1006, 91 S.Ct. 1248, 28 L.Ed.2d 541 (April 5, 1971).

On October 15, 1971, proceedings upon remand were held in the district court. The defendant's motion to dismiss for lack of jurisdiction on the ground of former jeopardy was denied and the trial was held. The government's case

---

* Honorable William D. Murray, Senior District Judge, District of Montana, Butte, Montana, sitting by designation.

again consisted of introduction of the selective service file. The defendant testified in his own behalf. After consideration of the evidence the court found the defendant guilty as charged.

■ On this appeal the defendant contends that the court had no jurisdiction to try defendant October 15, 1971, because defendant had been previously tried on January 30, 1970. While the court had jurisdiction to try the case, it should have sustained the defense of former jeopardy raised by the defendant.

It is clear from the transcript that the judge and counsel for the government proceeded on January 30, 1970, with the trial that had been set for that day. The attorney for the government waived an opening statement and offered the selective service file in evidence. It is clear that the offer of evidence was made by the government as the party bearing the burden on the general issue and not by the defendant in support of his motion to dismiss. Counsel for the government rested "my case", and the defendant renewed his motion to dismiss. Then the judge, apparently believing he had held a trial, said he could understand a motion for acquittal, but not a motion to dismiss, though he thereafter granted the motion to dismiss.

The government contends that the judge originally did not determine the general issue but limited its review of the evidence submitted to the question of standing to raise the constitutional issue. The government further contends that there was no trial on January 30, 1970, because implicit in the Supreme Court's order was a finding of jurisdiction pursuant to Title 18, U.S.C. § 3731, and that therefore the Supreme Court had found there had been no trial.

The short answer to these contentions is that there was in fact a trial on an indictment that alleged an offense and no matter how the judge characterizes his order after having tried the case, it can only be a judgment of acquittal. The defendant's asserted constitutional privilege not to be required to fight in a particular war goes to the general issue

so the court's post-trial order must be held to be a judgment of acquittal. United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970).

■ As to the contention that the order of the district court was appealable to the Supreme Court under Title 18, U.S.C. § 3731 and that implicit in the Supreme Court's order was a finding of jurisdiction, we point out that the Supreme Court did not rule on jurisdiction but apparently accepted the statement of the Solicitor General that the district court's order was made before trial. Jurisdiction was not decided by the Supreme Court as it was in Sisson, supra. The mandate of the Supreme Court left open all matters not covered by the mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895).

Because there had been a prior trial and the district court's post-trial order constituted a judgment of acquittal, the district court upon remand should have sustained the defense of former jeopardy. We need not consider other contentions of the defendant.

Judgment below is reversed and the district court is ordered to dismiss the indictment.