**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Thomas William WELLER, Defendant-
Appellee.**

**No. 71-2769.**

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1972.

---

John F. Cooney, Jr., Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellant.

Marvin M. Karpatkin (argued), Michael N. Pollet, John E. LeMoult, Steven Delibert, of Karpatkin, Ohrenstein, Karpatkin, Pollet, LeMoult & Delibert, Melvin L. Wulf, ACLU Foundation, New York City, Paul N. Halvonik, ACLU of Northern Cal., San Francisco, Cal., Peter Franck, Ezra Hendon, Berkeley, Cal., for defendant-appellee.

Robert H. Turtle of vom Baur, Coburn, Simmons & Turtle, Washington, D. C., William B. Spann, Jr., Atlanta, Ga., William K. Coblentz, William F. McCabe of Jacobs, Sills & Coblentz, San

Francisco, Cal., for American Bar Ass'n amicus curiae, for appellee.

Before BARNES, ELY and GOODWIN, Circuit Judges.

BARNES, Circuit Judge.

The appellee, Thomas Weller, was indicted in January of 1969, by a federal grand jury for refusing to submit to induction in violation of 50 U.S.C. App. § 462. The defense moved to dismiss the indictment pursuant to Rule 12 of the Rules of Criminal Procedure. On September 19, 1969, the district court granted the motion to dismiss. The district court judge stated as the grounds for his decision that he was "loathe to hold" that the Selective Service Regulation (32 C.F.R. § 1624.1(b)), under which Weller was administratively denied representation by counsel in his appearance before the local board, "is either authorized by Congress or is constitutional." United States v. Weller, 309 F.Supp. 50, 56 (N.D.Cal.1969).

The Government filed an appeal with the United States Supreme Court pursuant to 18 U.S.C. § 3731. Having reconsidered its position, the Government sought to have the case remanded on the grounds that the Supreme Court lacked jurisdiction over the appeal. The Court postponed consideration on the matter of jurisdiction until the hearing on the merits of the case. The Supreme Court concluded that the appeal was not properly before it and remanded the case to this court. United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971).

Weller asserts that § 3731 does not grant this court jurisdiction to hear the Government's appeal.

If jurisdiction exists in this court, it must so exist pursuant to the following language of the fifth and sixth paragraphs of 18 U.S.C. § 3731:

> An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

> From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.[1]

The initial question which we must answer is whether or not the Supreme Court's remand of the appeal in this case is conclusive on the issue of our jurisdiction. We conclude it is not, despite the provisions of paragraph 11 of § 3731, which states:

> If an appeal shall be taken, pursuant to this section, to the Supreme Court of the United States which, in the opinion of that Court, should have been taken to a court of appeals, the Supreme Court shall remand the case to the court of appeals, which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance.

Should we assume that when the Supreme Court remanded this appeal it decided the matter of our jurisdiction under § 3731?

There is no evidence that the Supreme Court specifically considered the question of the jurisdiction of this court to hear the appeal on remand. Weller did not raise this question in the Supreme Court. The Government raised it upon its interpretation of the facts.[2] The

---

1. Although § 3731 has been amended by § 14(a) of the Omnibus Crime Control Act of 1970, the former version of § 3731 controls this appeal, as the amendments to this section do not apply to criminal cases begun prior to January 2, 1971. The indictment here was handed down on January 15, 1969. *Cf.* United States v. Weller, 401 U.S. at fn. 1, 91 S.Ct. 602. We express no opinion as to whether, if the present version of § 3731 were applicable, jurisdiction would obtain.

2. In *Weller*, before the Supreme Court in Note 1, p. 8 of the Solicitor General's "Motion to Remand to the Court of Ap-

language used by the Court in ordering the remand does not mention the question of this Court's jurisdiction.

■ It is clear, we believe, that the order of the Supreme Court does not automatically confer jurisdiction upon us. Under § 3731, a court of appeals has jurisdiction to hear and determine an appeal on remand *the same as if* the appeal had been taken to that court in the first instance." The remand from the Supreme Court confers jurisdiction over the appeal only if this court would have had jurisdiction had the appeal been brought here in the first instance. If the appeal had been originally filed in this court, we would be obliged to determine the question of our jurisdiction. Now, upon remand, we hold we are under the same obligation.[3]

■ The broad language of § 3731 on its face appears to authorize appeals by the Government in cases such as this one. However, it is well established in this Circuit that § 3731 must be interpreted in light of its legislative history. United States v. Apex Distributing Company, Inc., 270 F.2d 747 (9th Cir. 1959) (en banc). In *Apex*, this court undertook a careful review of the legislative history of § 3731. Under the rules enunciated in *Apex*, we conclude that this court does not have jurisdiction to hear and determine this appeal.

Although the dismissal in *Apex* was based upon the refusal of the Government to comply with pretrial discovery orders, we believe that the reasoning of *Apex* controls our decision in this case.

peals for the Ninth Circuit", it was stated:

"While the statute, literally read, allows appeals to the court of appeals from any dismissal of an indictment not appealable to this Court, it has been interpreted as not reaching orders based on motions which are not in the nature of a demurrer or plea in abatement. See United States v. Apex Distributing Co., 270 F.2d 747 (C.A. 9) (en banc). That issue is not involved here."

In the last paragraph of the Solicitor-General's Motion, *supra*, he stated:

"In sum, we have come to the conclusion that it would extend the *Mersky* [United States v. Mersky, 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423] rationale too far to read the decision below as a construction of 50 U.S.C. App. 462(a), the statute on which the indictment was founded. It follows that the instant case should be remanded to the court of appeals under the explicit procedure set forth in the Criminal Appeals Act governing such situations. Since appellee's motion below clearly constituted [*sic*] an attack upon the sufficiency of the indictment under Rule 12, F.R.Crim.P., the decision below granting the motion and dismissing the indictment is appealable to the court of appeals, provided this Court accepts our submission that it does not come within either of the two branches of the Criminal Appeals Act (discussed *supra*, pp. 5-7), which allow appeal solely to this Court. See United States

v. Apex Distributing Co., 270 F.2d 747 (C.A. 9) (en banc))."

(Footnote omitted.)

On May 25, 1972, this Court decided United States v. McFadden, 462 F.2d 484, where we said:

"As to the contention that the order of the district court was appealable to the Supreme Court under Title 18, U.S.C. 3731 and that implicit in the Supreme Court's order was a finding of jurisdiction, we point out that the Supreme Court did not rule on jurisdiction but apparently accepted the statement of the Solicitor General that the district court's order was made before trial. Jurisdiction was not decided by the Supreme Court as it was in *Sisson*, *supra* [United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608]. The mandate of the Supreme Court left open all matters not covered by the mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895)"

3. Two courts of appeals have had cause to discuss whether or not the Supreme Court intended to decide the jurisdictional question in remanding *Weller* to this court. Neither court found such an intention. United States v. Ponto, 454 F.2d 647, fn. 6 (7th Cir. 1971), aff'd on rehearing en banc, 454 F.2d 657; United States v. Findley, 439 F.2d 970, 973 (1st Cir. 1971). We note that the *Ponto en banc* case was decided by a 5 to 4 vote. And see note 4 in Judge Stevens' original dissent in *Ponto* (p. 654).

We made the following comment in *Apex* about the history and scope of § 3731:

> It follows from all that has been said that reading § 3731 in the light of its legislative history, as we are required to do, the Government may appeal thereunder from a decision or judgment "setting aside, or dismissing" an indictment only if such decision or judgment is based upon a defect in the indictment or in the institution of the prosecution.

270 F.2d at 755.

The dismissal of the indictment against Weller ordered by the district court cannot be characterized as a decision "based upon a defect in the indictment or in the institution of the prosecution." [4] The motion made by Weller and granted by the court, was based solely upon the validity of the regulation barring counsel. The issue raised was in the nature of a defense to the crime charged. Weller's objection to the indictment could not have been avoided merely by obtaining a new indictment, or by reinstituting the prosecution.

We recognize that our decision in this case is not strictly bound by this court's decision in *Apex*, for differences do exist in the respective factual situations and in the reasons for the two dismissals.

However, Government briefs make no attempt to draw a logical distinction between this case and *Apex*. We do not believe one can be made. We are applying the legislative history developed in *Apex* to the dismissal of Weller's indictment as we find that the interpretation given to the scope of § 3731 in *Apex* in light of the history of § 3731, is persuasive.

For us to here reexamine or repeat the legislative history of § 3731 would serve little purpose. Two other courts of appeals have recently considered the scope of § 3731 in the context of dismissals of indictments based upon refusals to submit for inductions. United States v. Ponto, 454 F.2d 657 (7th Cir. 1971) (en banc); United States v. Findley, 439 F. 2d 970 (1st Cir. 1971); also see United States v. Brewster, 408 U.S. 501, p. 506, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972) (citing United States v. Findley). Both courts relied heavily upon *Apex* in concluding that § 3731 did not authorize Government appeals in situations similar to Weller's. We agree with those decisions on their interpretation of § 3731.

 We conclude that under § 3731 we have no jurisdiction over this appeal. Accordingly, we order the appeal dismissed.[5] We do not reach the merits of

---

4. We note that this interpretation of the scope of § 3731 coincides with the type of defenses which must be raised, under Rule 12(b)(2), by motion before trial. Obviously, the interpretation given to § 3731 is intertwined with the bar against double jeopardy of the Fifth Amendment. *Cf.* United States v. Sisson, 399 U.S. 267, 290, 302–307, 90 S.Ct. 2117, 26 L.Ed. 2d 608 (1970). We do not wish, however, to express any opinion today as to whether or not the Government's appeal falls within the concept of double jeopardy. We are aware that the Seventh Circuit has made such a determination. United States v. Ponto, 454 F.2d at 663–664.

5. *A per curiam* opinion of this court decided about the same time as *Findley* held that this court had jurisdiction to determine an appeal by the Government from the dismissal of an indictment in a selective service case. United States v.

Lemke, 439 F.2d 762 (9th Cir. 1971). We do not believe that the opinion in that case binds us, as that panel was not requested to determine that issue.

A review of the briefs in the *Lemke* case reveals that it was only the Government, not the defendant, who mentioned the issue. The Government merely stated that there was a question as to whether the appeal belonged in this court or the Supreme Court. The Government's concern arose because of another case then before this court, United States v. Fix, 429 F.2d 619 (9th Cir. 1970), appeal dismissed "pursuant to Rule 60" ((1) dismissal by agreement of counsel, or (2) on motion of appellant or petitioner.), 400 U.S. 874, 91 S.Ct. 111, 27 L.Ed.2d 112 (1970). Neither party raised the possibility that *neither* the Supreme Court nor a court of appeals had jurisdiction under § 3731.

A case similar to *Lemke* is United States v. Sandoval, 449 F.2d 1338 (10th

appellant's second and third points. The Criminal Appeals Act demonstrates a legislative policy to provide review only in certain cases and to restrict it to those instances. This policy overrides any public policy suggesting we should review important legal issues. *Cf.* United States v. Borden Co., 308 U.S. 188, 192, 60 S.Ct. 182, 84 L.Ed. 181 (1939).

Cir. 1971). *Sandoval* also was addressed solely to the question of the Supreme Court's jurisdiction. As in *Lemke,* the jurisdiction of the court of appeals, apart from the Supreme Court's jurisdiction, was apparently not otherwise considered.

It is clear that some judgments adverse to the Government do not fall within any of the classes listed in § 3731. As such, they are not appealable to any court. That a decision cannot be appealed to the Supreme Court does not mean that it can be appealed to a court of appeals. Therefore, we conclude that the panel in *Lemke* did not resolve the issue dealt with by the Government's appeal which we decide today.