**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Murphy Albert LEWIS, Defendant-Appellee.**

**No. 73-2694**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 8, 1974.

Rehearing and Rehearing En Banc Denied June 24, 1974.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Clay J. Calhoun, Jr., Lynne C. Rothschild, John P. Nelson, Jr., New Orleans, La., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

## PER CURIAM:

Murphy Albert Lewis was indicted for failing to report for and submit to induction in the Armed Forces in violation of 50 U.S.C.A. App. § 462(a). After an evidentiary hearing held on May 29, 1973, the district court granted a motion to dismiss the indictment because the local board had postponed Mr. Lewis' initial order to report for induction beyond the 120 day maximum permitted by 32 CRF § 1632.2(a). The Government now attempts to pursue an appeal from that district court judgment.

Although the provisions of 18 U.S.C. § 3731 [1] permit a Government appeal from an order dismissing an indictment, no appeal shall lie if the accused would be placed in double jeopardy. The present law of double jeopardy precludes retrial when the district court has ruled in favor of the defendant on facts going to the merits of the case if these facts were adduced at an evidentiary hearing. United States v. Velazquez, 490 F.2d 29 (2d Cir. 1973); see United States v. Brewster, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 207 (1972); United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); United States v. Findley, 439 F.2d 970 (1st Cir. 1971); United States v. Ponto, 454 F.2d 657 (7th Cir. 1971); United States v. McCreery, 473 F.2d 1381 (7th Cir. 1973); United States v. Weller, 466 F.2d 1279 (9th Cir. 1972); United States v. Rothfelder, 474 F.2d 606 (6th Cir. 1973). See also United States v. Jenkins, 490 F.2d 868 (2d Cir. 1973).

The thrust of the protection against double jeopardy is to limit to

Gerald Gallinghouse, U. S. Atty., Dennis Coleman Weber, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellant.

1. In pertinent part 18 U.S.C. § 3731 provides:
In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopary clause of the United States Constitution prohibits further prosecution.

one the number of times that a defendant may be required to submit his proof to challenge by his adversary. United States v. Velazquez, *supra*.

■ Accordingly this appeal by the Government must be dismissed because further prosecution of Lewis would constitute double jeopardy.

Dismissed.