494 F.2d 49
 74-2 USTC P 9491
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey K. GIDDENS and Amanda B. Giddens, Defendants-Appellants.
No. 73-3980 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir.,
1970, 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 20, 1974, Rehearing Denied June 20, 1974.
 
 Hubert W. Williams, W. Ford Duane, Orlando, Fla., for defendants-appellants.
 John L. Briggs, U.S. Atty., Jacksonville, Fla., Harrison T. Slaughter, Jr., Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The original indictment charging Mr. Giddens with income tax evasion alleged venue in Chamblee, Georgia. The government admitted it could not prove venue in Chamblee and returned a superseding indictment against both Mr. and Mrs. Giddens alleging venue in the Middle District of Florida.
 
 
 2
 Relying on a series of cases which stand for the principle that the law of double jeopardy precludes retrial when the district court has ruled in favor of the defendant on facts going to the merits of the case if these facts were adduced at an evidentiary hearing, e.g., United States v. Lewis, 492 F.2d 126 (5th Cir. 1974) (1974, slip op. 2335); United States v. Velazquez, 490 F.2d 29 (2d Cir. 1973); United States v. Findley, 439 F.2d 970 (1st Cir. 1971), Giddens insists that the superseding indictment violated his protection against double jeopardy. Ingenious as it is the argument fails. Lack of venue did not go to the merits, was not a defense which would have defeated any indictment alleging the same crime, as were the defenses proved in the cases cited above. The Giddens' other contentions also lack merit.
 
 
 3
 Affirmed.