**UNITED STATES of America**

v.

**Robert Kenneth WOOD, Jr.**

**Crim. A. No. 7069.**

United States District Court,
D. New Hampshire.

July 14, 1971.

David A. Brock, U. S. Atty. for District of New Hampshire, Concord, N. H., for plaintiff.

Gerald R. Prunier, Leonard, Leonard, Prolman & Prunier, Nashua, N. H., for defendant.

## OPINION

BOWNES, District Judge.

The defendant is charged with willful failure to report for induction into the Armed Forces of the United States as ordered on June 19, 1970, in violation of Title 50 U.S.C.App. § 462(a).

The issue is whether or not the defendant was entitled as a matter of law to a I-S deferment from January, 1970 to January, 1971.

## THE FACTS

The defendant was born on February 19, 1945, and registered with the Selective Service System on September 13, 1963. The defendant was classified II-S from November 19, 1963 to July 11, 1967, during which time he pursued undergraduate studies at Yale University. After graduating from Yale, the defendant went into the Peace Corps and served two years in a remote village in Southern India. During this time, he was classified II-A. At the expiration of his tour of duty as a member of the Peace Corps, the defendant was classified I-A on October 14, 1969, and on November 22, 1969, the defendant wrote to his Local Board stating that he wished to appeal his I-A classification. He wrote again on December 12, 1969, requesting an appointment with a Government Appeal Agent and asking for an appearance before the Local Board to appeal his I-A classification.

On January 13, 1970, the defendant appeared before the Local Board in person with a letter requesting a I-S classification stating that he intended to study for a Master of Fine Arts Degree at the University of Massachusetts, that he had been orally accepted by the University, and that his classes were to commence January 28, 1970. On the same day, the Local Board mailed the defendant's Selective Service file to the State Appeal Board and so notified the defendant. On April 24, 1970, the Local Board was notified by State Headquarters that the Appeal Board had classified the defendant as I-A on April 22,

1970, and the Local Board on the same date so notified the defendant.

On May 14, 1970, the Local Board ordered the defendant to report for induction on June 19, 1970. On May 22, 1970, the Local Board received a letter from the defendant requesting a I-S classification and stating that he had asked the University of Massachusetts to forward Form 103 (Student Certification Form) to the Local Board. This form was delivered by the defendant to the Local Board on June 8, 1970. It certified that the defendant was a full time student pursuing a course of studies that would lead to a Master of Arts Degree, that the course started January 23, 1970, and the expected graduation date was January, 1971. On June 9, 1970, the Local Board notified the defendant that his file had been reviewed and it had been determined that his classification did not warrant reopening and that he was to report for induction as ordered on June 19, 1970. On June 19, 1970, the defendant failed to report for induction.

There is no question that the defendant was a full time student at the University of Massachusetts from January through May of 1970, and that he was pursuing a course that would culminate in an M.A. Degree in January of 1971. The course ran from January to June, and September to January. There were no classes in the course that the defendant was taking during the summer. Mrs. Johnson, the executive secretary of the Local Board, testified in answer to a question by the court that the defendant would have been granted a I-S deferment if Form 103 had been filed by the University of Massachusetts prior to April 22, 1970, but she did not know whether or not the I-S deferment would have been granted to June of 1970 or January of 1971. Although the government stresses the fact that Form 103 was not furnished until June 8th, and that the defendant must have known that it was required for a I-S classification, I do not think that the failure to file it until June 8, 1970, is significant. There is no doubt that the defendant

was a full time graduate student at the University of Massachusetts from January of 1970 to June of 1970. As late as June 2nd, the executive secretary of the Local Board wrote to the defendant asking for notification from the University of Massachusetts that he was attending school. The defendant should not be denied a I-S deferment merely because Form 103 was not filed as early as required. To hold otherwise, would not only expressly contradict the actual facts which the student certification form is designed to substantiate but would result in an absurd exaltation of form over substance.

The government has characterized this as a "classic case of pyramiding deferments." It is clear that the defendant had an excellent working knowledge of the intricacies of the draft law. There is no doubt that he knew that a I-S deferment to January of 1971, would, because of the present policy of not drafting anyone who has reached the age of twenty-six, effectively shield him from military service. The defendant has obviously tried to avoid being drafted. But to paraphrase an old quote: Draft avoidance is not a crime; it is draft evasion that is prohibited. The issue before me is not the defendant's studied attempt to avoid conscription, but whether he is guilty under the law of refusing to obey a lawful order to report for induction. The resolution of that issue depends upon whether the defendant was entitled as a matter of law to a I-S classification from January, 1970 to January, 1971. If he was, then the induction order was illegal; if he was not, then he is guilty.

### RULINGS

■ I rule initially that the defendant was entitled as a matter of law to a I-S deferment starting January 23, 1970. This ruling is made with full knowledge of the language contained in 32 C.F.R. § 1622.15.[1] This regulation would appear to mean that one who had been deferred as a student in Class II-S and had received a Baccalaureate Degree, as the defendant had, would not be entitled to a I-S classification. The plain language of this regulation, however, conflicts with the not so plain language of the Universal Military Training and Service Acts of 1951 and 1967.

Section 6(i) (2) of the 1951 Act, 50 U.S.C.App. § 456(i) (2) (1964), which has been retained in the 1967 Act, provides:

Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix], shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, * * *.

Section 1(6) of the 1967 Act, 50 U.S. C.App. § 456(h) (1) (Supp. V 1969), which is a new section, states:

No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree, except * * *.

The defendant received a II-S deferment under the 1951 Act, but no student deferment under the 1967 Act. Since the language of section 456(h) (1) specifically limits its effect to those who have received a student deferment "under the provisions of this paragraph," it

---

1. 32 C.F.R. § 1622.15 provides:
   (b) In Class I–S shall be placed any registrant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic year at such institution is ordered to report for induction, except that no registrant shall be placed in Class I–S under the provisions of this paragraph
   (1) who has previously been placed in Class I–S thereunder or
   (2) who has been deferred as a student in Class II–S and has received his baccalaureate degree.

follows that he is entitled to a student deferment pursuant to section 456(i) (2) of the 1951 Act which was incorporated into the 1967 Act.

In Bowen v. Hershey, 410 F.2d 962 (1st Cir. 1969), the court made a detailed analysis of the effect and inter-relationship of sections 456(h) (1), (h) (2), and (i) (2) of the Acts of 1951 and 1967 and held:

We therefore find apparent consistency between sections 6(i) (2) and 6(h) (1). Nor is there anything in section 6(h) (2) which purports to deprive plaintiff of the section 6(i) (2) deferment.

See also Nestor v. Hershey, 138 U.S. App.D.C. 73, 425 F.2d 504 (1969).

I have read carefully and admit into evidence the memorandum of the National Security Council dated February 15, 1968. While this cogently sets forth reasons why graduate students should not receive deferments, it cannot, of course, prevail over the statutory language in the Acts of 1951 and 1967. Judge Aldrich in Bowen v. Hershey, *supra*, pointed out the difficulties inherent in trying to force new concepts into the words of an old statute. If the language used in section 456(h) (1) has resulted in a loophole in the law, it cannot be closed by the memorandum of the National Security Council. Nor can a regulation (32 C.F.R. § 1622.15) promulgated under a statute prevail over the express language of the statute itself. The loophole, if it is one, will remain open until the Congress takes appropriate action. The defendant is, therefore, entitled as a matter of law to be deferred in a I-S classification "until the end of such academic year."

■ The question, therefore, becomes: When does the defendant's academic year end; June or January? This precise question has been met by two other district courts with diametrically opposite results. In Walsh v. Local Board No. 10, 305 F.Supp. 1274 (S.D.N.Y.1969), Judge MacMahon noted that the only definition of academic year in the regulations was defined in those regulations applicable to II-S classification as "the twelve month period following the beginning of his course of study." 32 C.F.R. § 1622.25(b).[2] Judge Mac-Mahon stated:

Neither the statute nor the regulations contain the slightest suggestion that "academic year" is to be defined differently for a I-S(C) classification than for a II-S classification. Id. at 1279.

I approve Judge MacMahon's reasoning and am not persuaded by the subsequent case of Peller v. Selective Service Local Board No. 65, 313 F.Supp. 100 (N.D. Ind.1970), which expressly rejects Judge MacMahon's analysis and findings. The phrase "academic year" usually means from September until June, a nine month period. Despite the number of months actually involved, it means the period of time necessary to complete one year's study. The summer vacation period is a hiatus in the academic year, not the end of it. To say that a year usually connotes twelve months is to labor the obvious. In Nestor v. Hershey, *supra*, the court pointed out:

Unlike the II-S, designed to permit education in the national interest, the I-S classification is intended to avoid the hardship and waste of an interrupted academic year. In permitting its student recipient to complete the academic year in which he received an induction order, the I-S classification saves him from the loss of academic credit and tuition which would otherwise result from the interruption of his school year. Id. at 513.

The defendant here started his classes on January 23rd with the express purpose of receiving an M.A. Degree in Fine Arts in January of 1971. I rule that, under these facts, the academic

---

2. 32 C.F.R. § 1622.25(b):
   (b) In determining eligibility for deferment in Class II-S, a student's "aca-demic year" shall include the 12-month period following the beginning of his course of study.

year for the defendant ran from January, 1970 to January 1971. It follows, therefore, that when the Local Board received the student certification form from the University of Massachusetts, it should have, pursuant to 32 C.F.R. § 1625.3(b)[3] reopened and considered anew the classification of the defendant, and it should have cancelled the order to report for induction pursuant to 32 C.F. R. § 1625.14.[4]

The defendant is, therefore, found not guilty as a matter of law of failure to report for induction as ordered. The defendant's motion for judgment of acquittal is granted.

So ordered.

3. 32 C.F.R. § 1625.3(b) :
　　(b) The local board shall reopen and consider anew the classification of a registrant to whom it has mailed an Order to Report for Induction (SSS Form No. 252) whenever facts are presented to the local board which establish the registrant's eligibility for classification into Class I–S because he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning.

4. 32 C.F.R. § 1625.14:
　　The reopening of the classification of a registrant by the local board shall cancel any Order To Report for Induction * * *.