**UNITED STATES of America,**
**Plaintiff,**

v.

**Edmund Herman ROTHFELDER,**
**Defendant.**

**No. G–143–71 Cr.**

United States District Court,
W. D. Michigan, S. D.

Feb. 25, 1972.

Robert Green, Asst. Dist. Atty., Grand Rapids, Mich., for plaintiff.

M. Robert Carr, East Lansing, Mich., for defendant.

## OPINION AND ORDER

FOX, Chief Judge.

The defendant is charged with willful failure to report for induction into the Armed Forces of the United States in violation of 50 U.S.C.App. § 462(a). Defendant moves to dismiss on the grounds that his induction was illegal as a matter of law.

The facts of the case are undisputed. Between December 1968 and September 1969 defendant Rothfelder dropped out of college and thus lost his II–S deferment. In September 1969 he returned to college and so informed his local board. While at school he received an order to report for induction. Upon his notification, the local board promptly postponed his induction.

On October 2, 1969 defendant submitted to his local board Michigan form # 7 (Selective Service Report on Student Status) reaffirming his full-time student status. On October 15, 1969 Rothfelder was reclassified I–S(C). The board minutes, SSS form 99, note a termination date of October 1970. These facts were properly communicated to defendant by his local board.

Between October 1969 and February 1970 the State Selective Service Headquarters reviewed defendant's file, and on February 18, 1970 sent the following message to the local board:

"It is noted that the Local Board has placed the registrant in Class I–S(C) until October, 1970. Normally a I–S(C) classification is made to expire at the end of the registrant's academic year.

"Therefore, it is believed that this registrant's case should be reviewed in June and if the registrant is not in summer school, his classification should be reopened and considered anew."

Following the suggestion of the State Selective Service Headquarters, the local board reclassified defendant I–A on June 17, 1970. Upon receiving notice of his reclassification, defendant promptly wrote the local board expressing his reliance on the October date.[1] Defendant

---

1. Defendant's letter reads as follows:

Last month I received a notice of classification changing my status from 1S (c) to 1A. My former classification received in October 1969 was supposed to run to October 1970 according to the old notice. I am still in school at Michigan State University as I was Spring term. I am taking no classes this summer as I am trying to save some money for the coming year and as we have moved to a student apartment on campus (address below). This fall I will again carry a full load as well as continuing my job at Oldsmobile.

If there has been some misunderstanding between me and Michigan State University leading to or creating a lack of information please let me know. You sent no explanation for this reclassification so this must be the problem as far as I can see. Could you check this matter and see if this can be straightened out. I would feel better having things settled this week if possible as I may get a chance to leave town for a two-week period or more because of change-over beginning next week.

    Sincerely yours
      (signed)
    Edmund H. Rothfelder
    SS. NO. 20–262–45–1404
    1625 D Spartan Village, M.S.U.
    East Lansing, MI 48823

properly appealed his classification and was ordered to report for induction on October 30, 1970.

The single question of law presented on these facts is whether Rothfelder's I–S(C) classification was illegally terminated. The regulations relevant to deciding this issue are as follows:

### 32 C.F.R. § 1622.15

"In Class I–S shall be placed any registrant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic year at such institution is ordered to report for induction, except that no registrant shall be placed in Class I–S under the provisions of this paragraph

(1) who has previously been placed in Class I–S thereunder or:

(2) who has been deferred as a student in Class II–S and has received his baccalaureate degree;

A registrant who is placed in Class I–S under the provision of this paragraph shall be retained in Class I–S;

(1) *until the end of his academic year* or;

(2) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier.

The date of the classification in Class I–S and the date of its termination shall be entered in the "Remarks" column of the Classification Record (SSS Form 102) and be identified on that record as Class I–S(C)." (Emphasis added)

### 32 C.F.R. § 1622.25(b)

"In determining eligibility for deferment in Class II–S, a student's "academic year" shall include the 12-month period following the beginning of his course of study."

Because defendant was a full-time college student at the time of his order to induction in 1969 he was clearly entitled to the I–S(C) classification under 32 C.F.R. § 1622.15(b). The regulations required that defendant be retained in class I–S(C), "until the end of his academic year." The issue presented by this case boils down to the narrow question, what is meant by "academic year" under 32 C.F.R. § 1622.15(b)?

32 C.F.R. § 1622.25(b), quoted above, defines "academic year" for class II–S purposes as the 12-month period following the beginning of the student's course of study. There is no dispute that for purposes of the II–S classification this means that an "academic year" for a student beginning classes in September lasts 12 months until the following September. Defendant argues that the same definition of "academic year" was intended and should likewise apply to the I–S(C) classification.

At least four cases have been decided on this precise issue. Two cases, Peller v. Selective Service Local Board No. 65, 313 F.Supp. 100 (N.D.Ind.1970), and McLain v. Selective Service Local Board No. 47, 439 F.2d 737 (8th Cir. 1971), hold that "academic year" does not mean 12 months from the beginning of classes. Two other cases, Walsh v. Local Board No. 10, 305 F.Supp. 1274 (S.D.N.Y.1969), and United States v. Wood, 329 F.Supp. 68 (D.N.Hamp.1971), come to the diametrically opposite result and hold that "academic year" as defined in 32 C.F.R. § 1622.25(b) applies to I–S(C) classifications, i. e., "academic year" means 12 months from the beginning of classes.

This court is persuaded by the reasoning of the later two cases. As stated in the Walsh case, "neither the statute nor the regulations contain the slightest suggestion that 'academic year' is to be defined differently for a I–S(C) classification than for a II–S classification." 305 F.Supp. at 1279. Judge Bownes, while examining the language just quoted, reasoned:

"The phrase 'academic year' usually means from September to June, a nine month period. Despite the number of months actually involved, it means the period of time necessary to complete one year's study. *The summer vacation period is a hiatus in the academic*

*year, not the end of it.* To say that a year usually connates twelve months is to labor the obvious." (Emphasis supplied.) 329 F.Supp. at 71.

Modern colleges and universities no longer operate on academic years of two semesters or three terms, but rather function year round on three semesters or four terms. Many students need the summer term to complete one year's study. Thus, 32 C.F.R. § 1622.25(b) gives recognition to the reality of the twelve-month "academic year."

On the facts before the court in this case, the local board originally interpreted "academic year" as twelve months and informed the defendant that his I–S(C) classification would be good until October of 1970. At the direction of the State Headquarters the local board unexpectedly terminated defendant's I–S(C) classification without explanation. Having properly notified his local board of his student status, defendant had the right to rely on its official representation to him that the I–S(C) classification would terminate in October of 1970.

The fact that this particular defendant did not require the summer term to complete his year's work does not alter the fact of the University's twelve-month academic year. In view of the fact that the regulations offer no alternative definition for I–S(C) purposes, that the local board originally interpreted the regulation as requiring twelve months in class I–S(C), and in view of the twelve-month academic year actually conducted by today's colleges and universities, this court holds that "academic year" as used in 32 C.F.R. § 1622.15(b) means twelve months from the start of classes.

Because the local board terminated defendant's I–S(C) classification before the expiration of twelve months, his reclassification I–A and his later induction were unlawful. For this reason defendant's motion to dismiss is hereby granted.

It is so ordered.