**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Edmund Herman ROTHFELDER,**
**Defendant-Appellee.**

No. 72–1617.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1972.

Decided Feb. 28, 1973.

Certiorari Denied June 25, 1973.
See 93 S.Ct. 3066.

Robert C. Greene, Asst. U. S. Atty., for plaintiff-appellant; John Milanowski, U. S. Atty., Grand Rapids, Mich., on brief.

M. Robert Carr, East Lansing, Mich. (Court Appointed), for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

WEICK, Circuit Judge.

The Government has appealed under authority of 18 U.S.C. § 3731, as amended January 2, 1971, from the judgment of the District Court granting the defendant's pretrial motion to dismiss the indictment which charged him with wilfully failing to comply with an order of his Local Board to report for induction, in violation of 50 U.S.C. App. § 462. In passing upon the motion to dismiss, the Court, 338 F.Supp. 1164, considered the evidence in the Selective Service file, which disclosed the following facts:

On October 15, 1969, when the Local Board had received notice that Rothfelder was a full-time student at Lansing Community College, it reclassified him I–S(C). The minutes of the Local Board indicated a termination date of October, 1970. The Michigan State Selective Service Headquarters requested the file for review, then it wrote to the Local Board stating that normally a I–S(C) classification is made to expire at the end of the registrant's academic year, and suggesting that the case be reviewed in June, "and if the registrant is not in summer school, his classification should be reopened and considered anew." The Board followed the suggestion of the State Headquarters and classified Rothfelder in I–A. At that time Rothfelder was not enrolled in any school. The Appeals Board classified him in I–A and he was ordered to report for induction. Rothfelder was indicted when he failed to report.

The District Court, construing the applicable regulations (32 C.F.R. §§ 1622.-15 and 1622.25(b)), held that "academic year" meant a full twelve-month year, and it made no difference whether registrant was enrolled in the summer. The Court held that the change of classification from I–S(C) to I–A was illegal as a matter of law. It was influenced by the provisions of 32 C.F.R. § 1622.25(b), which includes a twelve-month period following the beginning of registrant's course of study, but this regulation seems to apply to a II–S classification rather than a I–S(C) classification. The Court relied on Walsh v. Local Board No. 10, 305 F.Supp. 1274 (S.D. N.Y., 1969), and United States v. Wood,

329 F.Supp. 68 (D.N.H., 1971), and declined to follow contrary decisions in Peller v. Selective Service Local Board No. 65, 313 F.Supp. 100 (N.D.Ind., 1970), and McLain v. Selective Service Local Board No. 47, 439 F.2d 737 (8th Cir. 1971). To the same effect is the unreported opinion of the Seventh Circuit in Robinson v. Hershey, No. 17,697, decided July 14, 1969.

In his brief Rothfelder challenges our jurisdiction to entertain this appeal.

The 1971 Amendment to § 3731 reads:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." (18 U.S.C. § 3731 (Supp.1972))

In United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), it was held that an appeal does not lie from a decision that rests, not upon the sufficiency of the indictment alone, but upon extraneous facts. If the indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available.

This rule was recognized in United States v. Brewster, 408 U.S. 501, 506, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), but the Supreme Court found that the District Court did not rely on factual matter other than facts alleged in the indictment. In the present case, the District Court clearly did rely on facts not alleged in the indictment and based its decision on facts contained in the registrant's Selective Service file. Its judgment operated as an acquittal. United States v. Findley, 439 F.2d 970 (1st Cir. 1971); United States v. Ponto, 454 F.2d 647 (7th Cir. 1971), affirmed en banc, 7 Cir., 454 F.2d 657. Cf., United States v. Weller, 466 F.2d 1279 (9th Cir. 1972);

United States v. Apex Distrib. Co., 270 F.2d 747 (9th Cir. 1959). While these cases involve Section 3731 as it was prior to the 1971 Amendment, it is clear that under the Amendment no appeal is available from a judgment of acquittal.

The Government relies on language of the Supreme Court in United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed. 2d 543 (1971), to the effect that there can be no double jeopardy until the defendant is put to trial before the trier of the facts. In that case, however, the Court found double jeopardy because the trial court abused its discretion by aborting the trial and declaring a mistrial without the consent of the defendant.

The appeal is dismissed.