**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Carlos Alberto VALLE, Defendant-Appellee.**

No. 82–5262.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1982.

Decided Jan. 12, 1983.

Certiorari Denied May 2, 1983. See 103 S.Ct. 1901.

Louis DeFalaise, U.S. Atty., C. Cleveland Gambill, Asst. U.S. Atty., Fred Stine, Lexington, Ky., for plaintiff-appellant.

Edwin J. Walbourn III, Federal Public Defender, Lexington, Ky., for defendant-appellee.

Before KENNEDY, Circuit Judge, and PECK and BROWN, Senior Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

The United States appeals an order of the District Court dismissing its indictment against defendant-appellee Carlos Alberto Valle.

On July 18, 1981 defendant Valle wrote and mailed a letter to *Playboy* magazine threatening the life of the President. As a result, the defendant was indicted by a federal grand jury on November 18, 1981 on one count of threatening the life of the President in violation of 18 U.S.C. § 871 (1976). The defendant was at the time serving a three-year sentence for a previous threat upon the President's life and his correspondence was subject to full censorship by prison officials pursuant to a court order. That order had been issued in yet another case in which the defendant had threatened the President's life in a letter mailed from prison.

The defendant filed a motion to dismiss the indictment arguing, on the basis of this prior censorship order, that agents of the United States had caused and permitted the instant offense to occur by failing to properly screen the defendant's mail. After a two-day hearing at which both sides presented evidence extrinsic to the indictment, the District Court granted the defendant's motion.

There are two issues presented on appeal. First, does the District Court's consideration on the motion to dismiss of evidence extrinsic to the indictment render its dismissal the functional equivalent of an acquittal thereby barring this appeal under the double jeopardy clause of the fifth amendment? Second, did the District Court act within its authority in dismissing the indictment for reasons other than the validity of the indictment itself? Because we find that the government's appeal is not

barred by double jeopardy and that the District Court exceeded its authority in dismissing the indictment, we reverse and remand the case for proceedings consistent with this opinion.

Title 18 U.S.C. § 3731 (1976) authorizes the United States to appeal orders of the district courts dismissing criminal indictments unless otherwise prohibited by the double jeopardy clause of the fifth amendment. *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975). In the present case the defendant asserts, on the authority of *United States v. Rothfelder,* 474 F.2d 606, 608 (6th Cir.), *cert. denied,* 413 U.S. 922, 93 S.Ct. 3066, 37 L.Ed.2d 1044 (1973), that the District Court's consideration of evidence outside the indictment renders its dismissal the functional equivalent of an acquittal, thereby barring this appeal as contrary to the prohibition against double jeopardy.

■ In *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975), decided subsequent to *Rothfelder,* the Supreme Court squarely rejected the argument that consideration of evidence extrinsic to an indictment on a motion to dismiss places a defendant in jeopardy thereby prohibiting subsequent appeal of the indictment's dismissal. The Court enunciated the basic principle that:

> Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.

*Id.* Just as in *Serfass,* the District Court here was not trying the question of actual guilt and could not at the evidentiary hearing have convicted the defendant of the crime charged. The sole purpose of the hearing on the defendant's motion was to consider the validity of the indictment itself. The consideration of evidence extrinsic to the indictment did not place the defendant in jeopardy and therefore did not invoke the fifth amendment's prohibition. *Id.; United States v. Mann,* 517 F.2d 259, 266 (5th Cir.1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976). *See also United States v. Scott,* 437 U.S. 82,

98–99, 98 S.Ct. 2187, 2197–2198, 57 L.Ed.2d 65 (1978). To the extent that *Rothfelder* held that consideration of extrinsic evidence on a motion to dismiss an indictment amounts to jeopardy, it is no longer good law. It has been overruled by the holding in *Serfass.*

■ In dismissing the indictment, the District Court did not find the indictment itself legally insufficient or otherwise specify a legal basis for its dismissal. Rather, the court stated that the failure of prison officials to prevent the defendant's alleged offense would "cast a cloud" on the defendant's potential conviction and would constitute a waste of government resources. The District Court exceeded its authority in dismissing the indictment on this basis.

■ The decision to maintain a prosecution is exclusively within the discretion of the executive branch of government. *United States v. Lai Ming Tanu,* 589 F.2d 82, 86 (2d Cir.1978); *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975). The fundamental principle of separation of powers requires that the executive branch alone, not the judiciary, wield the authority to dismiss prosecutions for reasons other than legal insufficiency or an abuse of the prosecutorial function. *Lai Ming Tanu, supra,* 589 F.2d at 86; *Mann, supra,* 517 F.2d at 271. A district court is, therefore, without authority to dismiss an otherwise valid indictment on the basis of its belief that government resources should not be devoted to the prosecution of a particular defendant. In the present case the District Court was presented with no legal basis to dismiss the indictment. The defendant's assertion of impermissible government "participation" in his crime by the failure to prevent him from committing it was not a valid defense to the prosecution and in any case irrelevant to the sufficiency of the indictment.

The judgment of the District Court is reversed and this action remanded for further proceedings consistent with this opinion.