Rodrigo RODRIGUES,
Petitioner-Appellant,

v.

Howard E. GUDEMAN, Administrator, and Michael A. Lilly, Attorney General, State of Hawaii, Respondents-Appellees.

No. 85–2337.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1986.

Decided July 24, 1986.

John A. Thompson, Honolulu, Hawaii, for petitioner-appellant.

Peter Van Name Esser, Honolulu, Hawaii, for respondents-appellees.

Before SNEED, ANDERSON, and POOLE, Circuit Judges.

SNEED, Circuit Judge:

Rodrigo Rodrigues appeals the district court's denial of his petition for habeas corpus. He claims that he was "acquitted" by the trial judge at the pretrial hearing on his insanity defense and that, as a consequence, a retrial is barred by the double jeopardy clause of the Fifth Amendment. We affirm the district court.

## I.

## FACTS AND PROCEEDINGS BELOW

On November 20, 1979, appellant Rodrigo Rodrigues was indicted on three counts of first-degree sodomy and one count of first-degree rape. On March 12, 1980, he filed a notice of intention to rely on the defense of mental disease, disorder, or defect excluding penal responsibility. After an examination by court-appointed doctors, Rodrigues moved for pretrial acquittal under Hawaii Rev.Stat. § 704–408 (1976) (repealed 1980). The First Circuit Court of Hawaii conducted a consolidated hearing on the motion for acquittal and the motion for determination of fitness to proceed.

On January 9, 1981, the court suspended the proceedings based on a finding that Rodrigues could not understand the proceedings or assist in his own defense, and it committed him to the Hawaii State Hospital. On June 25, 1982, the parties stipulated as to Rodrigues' fitness to proceed,

and the court resumed the hearing on the motion for acquittal. The court heard detailed testimony, presented by both sides, on the issue of insanity.

On August 27, 1982, the trial court granted Rodrigues' motion for acquittal and committed him to the Hawaii State Hospital on an involuntary basis. On September 3, the State appealed that order to the Hawaii Supreme Court. The Supreme Court vacated the judgment, holding that the trial court should have submitted the issue of insanity to a jury, and remanded the case. *State v. Rodrigues*, 67 Haw. 70, ——, 679 P.2d 615, 621 (1984). In its opinion, the Hawaii Supreme Court raised the issue of double jeopardy sua sponte. 67 Haw. at ——, 679 P.2d at 621–22. The Hawaii Supreme Court denied Rodrigues' motion for reconsideration on March 23, 1984. Rodrigues sought a writ of certiorari in the United States Supreme Court and, in the alternative, sought to invoke the Court's appellate jurisdiction; the Court denied certiorari on December 10, 1984, with Justices Brennan and Marshall dissenting. *Rodrigues v. Hawaii*, —— U.S. ——, 105 S.Ct. 580, 83 L.Ed.2d 691 (1984).

On February 13, 1985, the State filed a motion for reconsideration of the acquittal in light of the Hawaii Supreme Court's opinion. On March 5, the trial court ordered Rodrigues to be held at the Hawaii State Hospital through March 27 for reexamination of his fitness to proceed. On March 8, the court granted the motion for reconsideration, vacated the acquittal, and reimposed the $150,000 bail.

Rodrigues filed an initial habeas petition on January 22, 1985, but the district court rejected it as untimely. He filed a second habeas petition on March 13, 1985. The district court denied that petition on June 17, 1985, finding "that although the judgment of acquittal was a determination of factual guilt, jeopardy had not yet attached because the finding was made before the impanelment of the jury." Excerpts of Record at 194 (citations omitted).[1]

---

1. Rodrigues filed a Notice of Appeal on June 19, 1985. At some time thereafter, he pleaded *nolo*

## II.

## DISCUSSION

### A. *The Effect of the Hawaii Supreme Court Raising the Double Jeopardy Issue Sua Sponte.*

██ The Hawaii Supreme Court, as already noted, raised the double jeopardy issue sua sponte.[2] *See State v. Rodrigues,* 67 Haw. 70, ——, 679 P.2d 615, 621–22 (1984). This should not bar habeas review. Even though Rodrigues did not raise the double jeopardy issue, the Hawaii Supreme Court had "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim" and had the " 'substance' of [the] federal habeas corpus claim" before it. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (per curiam) (quoting *Picard v. Connor,* 404 U.S. 270, 276, 278, 92 S.Ct. 509, 512, 513, 30 L.Ed.2d 438 (1971)).

### B. *When Did Jeopardy Attach ?*

██ An accused cannot experience the threat of double jeopardy unless and until he has first been placed in jeopardy. *E.g., United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). Jeopardy attaches in a jury trial "when a jury is empaneled and sworn"; in a bench trial, it "attaches when the court begins to hear evidence." *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975).

The parties have focused their efforts on the issue of whether the lower court's action constituted an acquittal for double jeopardy purposes. An ordinary acquittal occurs after being put in jeopardy. We also acknowledge that several Supreme Court cases note that even a mistaken or legally erroneous acquittal is an acquittal for double jeopardy purposes. *See United States v. DiFrancesco,* 449 U.S. 117, 130, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980) (jury verdict of acquittal); *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978) (dicta on effect of jury verdict of acquittal or ruling of insufficiency of the evidence); *Martin Linen,* 430 U.S. at 571, 97 S.Ct. at 1354 (acquittal under Fed.R.Crim.P. 29(c), no matter how mistaken, bars retrial). The State responds, as it must, that the "acquittal" here was really not an ordinary acquittal but only another form of pretrial dismissal.

We agree with the State. Rodrigues was never put in jeopardy. He never waived a jury trial, *see* Hawaii R. Penal P. 23(a), and, as the Hawaii Supreme Court held, the judge was not the appropriate trier of fact. Therefore, Rodrigues "was not then [at the pretrial hearing], nor has he ever been, 'put to trial before the trier of facts.' " *Serfass v. United States,* 420 U.S. at 388, 95 S.Ct. at 1062 (quoting *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion of Harlan, J.)). The factual differences between *Serfass* and this case do not lessen the applicability of *Serfass.*

AFFIRMED.

---

*contendere,* and on September 27, 1985, he was sentenced to four concurrent twenty-year terms, with credit for time served, in the state prison system.

**2.** The State argues that Rodrigues's "double punishment" argument—which contends that his first "sentence," involuntary commitment, precludes his being "re-sentenced" to prison upon remand—was never raised below and cannot be argued for the first time on appeal here. It is difficult to find where in the record Rodrigues raised any particular "double punishment" claim, but that problem is of no moment. All we need note is that involuntary commitment is not punishment. A person committed because he is insane is not being "punished" for a crime. G. Fletcher, *Rethinking Criminal Law* § 7.3.2, at 540 (1978) (contrasting punishment and hospitalization); *cf.* W. LaFave & A. Scott, *Handbook on Criminal Law* § 36, at 271 (1972) (contrasting involuntary commitment with punishment, in the context of the insanity defense).