UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 94-5310

DERRICK R. COOPER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-93-123)

Argued: December 6, 1995

Decided: February 15, 1996

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Vincent Bernard Orange, Sr., Washington, D.C.; Mark
Edward Hall, Columbia, South Carolina, for Appellant. Albert Peter
Shahid, Jr., Assistant United States Attorney, Charleston, South Caro-
lina, for Appellee. **ON BRIEF:** J. Preston Strom, Jr., United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick R. Cooper was re-indicted for tax evasion in violation of 28 U.S.C. § 7201 after the district court had dismissed earlier charges against him for violating the same statute in the same tax year. Cooper claims the later indictment was barred by the Double Jeopardy Clause of the Fifth Amendment. The district court refused to dismiss the new indictment and Cooper noted an interlocutory appeal. See Abney v. United States, 431 U.S. 651, 659 (1977). Because jeopardy did not attach in the initial proceeding and the doctrines of res judicata and collateral estoppel do not bar the subsequent indictment, we affirm.

I.

On July 14, 1993, a federal grand jury returned a superseding indictment against Cooper, charging him with two counts of willfully attempting to evade and defeat income taxes in violation of 26 U.S.C. § 7201. Count One alleged that Cooper attempted to evade payment of income taxes for calendar year 1986 "by failing to make an income tax return on or about October 15, 1987, as required by law." Count Two alleged that Cooper attempted to evade payment of income taxes for calendar year 1987 "by failing to make an income tax return on or about October 17, 1988, as required by law." Following his arraignment, Cooper moved to dismiss or quash the indictments pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. The district court held a lengthy hearing on the motion at which the government conceded that the Internal Revenue Service had granted Cooper an extension permitting him to file his 1987 income tax return after October 17, 1988. In view of this concession, the court granted Cooper's motion as to Count Two and dismissed the charges as to the 1987 tax year. The court explained, "I would grant the defendant's motion as to count 2 of the superseding indictment because I am of

2

the opinion that the count would fail because the charge of failing to make an income tax return on or about October 17, 1988, as required by law, was not required by law, because in fact the testimony before the Court from both the government and the Defendant. . . indicated that the defendant had been granted an extension in which to file the tax return . . . ."

The government obtained a second superseding indictment against Cooper again charging him with two counts of violating 26 U.S.C. § 7201. Count One alleged that Cooper attempted to evade payment of income taxes for the calendar year 1986 by preparing and signing a false income tax return; Count Two made the same allegations with regard to calendar year 1987. Cooper moved to dismiss Count Two, arguing that in light of the court's dismissal of Count Two in the first superseding indictment, which alleged a violation of the same statute for the same tax year, prosecution of Count Two in the second superseding indictment violated his rights under the Double Jeopardy Clause. At the hearing on that motion, the district judge, although agreeing that he had dismissed Count Two of the first superseding indictment "with prejudice," denied the motion. He explained, "it's altogether a different charge than that contained . . . in the original indictment . . . and I think you agree . . . it could have been brought as a separate count in the original indictment . . .."

II.

The principal issue presented in this appeal is whether double jeopardy bars the government from charging Cooper with attempting to evade and defeat income tax payments in violation of§ 7201 after the district court dismissed an earlier indictment charging him with violating the same statute for the same tax year. Accordingly, we begin our inquiry with the Double Jeopardy Clause of the Fifth Amendment.

The Double Jeopardy Clause assures that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The underlying idea animating this bedrock prohibition "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense

3

and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-88 (1957). Intrinsic to the protection against double jeopardy is the fact that a defendant has been put in jeopardy once. See Serfass v. United States, 420 U.S. 377, 393 (1975) ("an accused must suffer jeopardy before he can suffer double jeopardy").

In cases involving the Double Jeopardy Clause, courts have used the concept of "attachment of jeopardy" to"define a point in the criminal proceedings at which the constitutional purposes and policies are implicated." Id. at 388. See also United States v. Jorn, 400 U.S. 470, 480 (1971). The Supreme Court has repeatedly stated that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is `put to trial before the trier of facts, whether the trier be a jury or a judge.'" Serfass, 420 U.S. at 388 (citations omitted). In a jury trial, jeopardy attaches only after the jury has been empaneled and sworn; in a nonjury trial, jeopardy attaches when the court begins to hear evidence. Id. (citations omitted).[1]

In the present case, shortly before his scheduled jury trial, Cooper moved to dismiss the entire indictment on various grounds. The district court held a hearing on this and other pretrial motions and ultimately decided to grant the motion to dismiss Count Two of the indictment. At the time of this hearing, no jury had been empaneled or sworn, nor had Cooper waived his right to a jury trial. Thus, no jeopardy could or did "attach" at this hearing. The Seventh Circuit considered a similar double jeopardy claim in United States v. Igoe, 331 F.2d 766 (7th Cir. 1964), cert. denied, 380 U.S. 942 (1965), where the defendant, like Cooper, was charged with evading taxes in violation of § 7201. Because no jury had been empaneled and the defendant had not effectively waived his right to a jury when the court dismissed the charges, the Igoe court held that there was no double jeopardy violation. Id. at 768.

_____

[1] We have held that the "court begins to hear evidence" and for this reason jeopardy attaches when the first witness is sworn, even if that witness never testifies. See Goolsby v. Hutto, 691 F.2d 199, 202 (4th Cir. 1982).

4

Nevertheless, Cooper argues that when the district court dismissed Count Two of the first superseding indictment, that dismissal was "tantamount" to an "acquittal on the merits" because it was "with prejudice." The Supreme Court considered a very similar argument in <u>Serfass v. United States</u>, 420 U.S. 377 (1975). There, as here, the district court dismissed an indictment during a pre-trial hearing. The defendant in <u>Serfass</u> acknowledged that " `formal or technical jeopardy had not attached' at the time the District Court ruled on his motion to dismiss the indictment." 420 U.S. at 389-90. Even so, Serfass argued that since the trial court's ruling was based on evidentiary facts that would constitute a defense on the merits at trial, it was the "`functional equivalent of an acquittal on the merits' and `constructively jeopardy had attached.'" <u>Id.</u> at 390.

The Supreme Court unequivocally rejected this argument. It noted that Serfass, like Cooper, "had not waived his right to a jury trial" and that this right could not be waived without the consent of the government and the district court. <u>Id.</u> at 389. In such circumstances, the Court held "the District Court [is] without power to make any determination regarding petitioner's guilt or innocence." <u>Id.</u> at 389. Chief Justice Burger, for a nearly unanimous Court, explained:

> Both the history of the Double Jeopardy Clause and its terms demonstrate that it does not come into play until a proceeding begins before a trier `having jurisdiction to try the question of the guilt or innocence of the accused.' Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.

420 U.S. at 391-92 (citations omitted).

Directly addressing the claim that the granting of a motion to dismiss is the "functional equivalent of an acquittal on the merits," the Court noted that although "a verdict of acquittal. . . is a bar to a subsequent prosecution for the same offence . . . an`acquittal' cannot be divorced from the procedural context in which the action so characterized was taken." <u>Id.</u> at 392. (citations omitted). Thus, the word "acquittal" has no "talismanic quality for purposes of the Double Jeopardy Clause." <u>Id.</u> In fact, it "has no significance in this context

5

unless jeopardy has once attached and an accused has been subjected to the risk of conviction." Id. "With prejudice" similarly has no "talismanic quality"; the Double Jeopardy Clause does not bar reprosecution of charges dismissed "with prejudice" if jeopardy has not attached.

Thus, Serfass teaches that a trial court's pretrial dismissal of an indictment does not implicate double jeopardy concerns, even when the dismissal is based on the court's evaluation of facts not included in the indictment because, absent a defendant's waiver of his or her right to a jury trial, the trial court has no "power" to determine guilt or innocence. See also United States v. Vaughan , 715 F.2d 1373, 1376-77 (9th Cir. 1983)(even if the 1982 indictment charged "the same continuing conspiracies as were the subjects of the 1977 indictment," there was no bar to re-indictment because the defendant was not put in jeopardy when the 1977 indictment was dismissed); United States v. Valle, 697 F.2d 152, 153-54 (6th Cir.) (dismissal of indictment based on extrinsic evidence did not place defendant in jeopardy and so "did not invoke the fifth amendment's prohibition"), cert. denied, 461 U.S. 918 (1983); United States v. King, 581 F.2d 800, 801 (10th Cir. 1978) (because pretrial order dismissing information, which was based on extrinsic evidence, was issued before the trier of fact commenced to take evidence, "[s]ubsequent prosecution is not barred by double jeopardy clause"); United States v. Mann, 517 F.2d 259 (5th Cir. 1975) (same with respect to indictment), cert. denied, 423 U.S. 1087 (1976); United States v. Hawes, 774 F. Supp. 965, 969 (E.D.N.C. 1991) (pre-trial dismissal of counts in initial indictments to which defendants did not plead guilty does not bar subsequent prosecution of those counts because jeopardy had not attached as to them).

Serfass involved the government's right to appeal while the present case concerns its right to bring a subsequent prosecution. However, Cooper has not suggested, and we do not see any reason why the Supreme Court's rationale in Serfass is not equally applicable to the question at issue here. Indeed, there is some indication in Serfass itself that the Supreme Court intended its holding to apply in the present situation. Serfass, 420 U.S. at 391-92 ("[w]ithout risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy") (emphasis added).

6

All of our sister circuits that have considered the question have so held. See, e.g., Lomax v. Armontrout, 923 F.2d 574, 576 (8th Cir.) (subsequent prosecution of defendant did not place him in double jeopardy where nolo prosequi filed by prosecutor in initial trial was entered before jury was sworn), cert. denied, 502 U.S. 812 (1991); Rodrigues v. Gudeman, 794 F.2d 1458, 1460 (9th Cir.) (pretrial "acquittal" on basis of insanity defense does not bar subsequent prosecution on same charge), cert. denied, 479 U.S. 964 (1986); Lockett v. Montemango, 784 F.2d 78, 83-85 (2d Cir.) (defendant never risked conviction at preliminary proceeding in which he pled not responsible by reason of mental disease, therefore he was never in jeopardy and so, even though he waived his right to a jury trial, his reprosecution on the same charge was not barred), cert. denied , 479 U.S. 832 (1986); Chatfield v. Ricketts, 673 F.2d 330 (10th Cir.) (trial court did not violate double jeopardy by permitting retrial of defendant after initial charge was dismissed at state's request because jeopardy had not attached), cert. denied, 459 U.S. 843 (1982); Klobuchir v. Pennsylvania, 639 F.2d 966, 970 (3d Cir.) (double jeopardy does not prevent subsequent prosecution after guilty plea was vacated because jeopardy had not attached), cert. denied, 454 U.S. 1031 (1981); United States v. Garcia, 589 F.2d 249, 251 (5th Cir.) (subsequent indictment after dismissal of initial indictment not barred because jeopardy had not attached), cert. denied, 442 U.S. 909 (1979); United States v. Smith, 584 F.2d 759, 761 (6th Cir. 1978) (double jeopardy does not prevent subsequent prosecution after guilty plea was vacated because jeopardy had not attached), cert. denied , 441 U.S. 92 (1979); United States v. Myles, 569 F.2d 161 (D.C. Cir.), aff'g, 430 F. Supp. 98 (D.D.C. 1978) (same). See also United States v. MacDonald, 585 F.2d 1211, 1212 (4th Cir. 1978) (double jeopardy does not bar subsequent prosecution in district court since jeopardy had not attached in earlier proceeding before military tribunal), cert. denied, 440 U.S. 961 (1979).

Applying the principles of Serfass to the present case, it is clear that the Double Jeopardy Clause does not bar the government from charging Cooper with Count Two of the second superseding indictment. When the district court issued its order dismissing the indictment, no jury had been sworn and the defendant had not waived his right to a jury trial. Thus, the court below, like the district court in Serfass, had no "power to make any determination regarding petition-

7

er's guilt or innocence." 420 U.S. at 389. Cooper, like Serfass, did not "risk determination of guilt" when the indictment was dismissed and so jeopardy did not attach.

The Double Jeopardy Clause does not bar the government's re-indictment of Cooper.

III.

Our holding that Cooper's re-indictment is not barred by the Double Jeopardy Clause does not necessarily render Cooper's appeal meritless. Implicit in Cooper's claim is the alternative argument that the re-indictment is barred by principles of res judicata and collateral estoppel. Courts have long recognized that res judicata and collateral estoppel may bar relitigation of an issue or reprosecution of a defendant even when traditional double jeopardy constraints do not.

As Justice Holmes explained in United States v. Oppenheimer, 242 U.S. 85, 87 (1916):

> [T]he proposition of the government is that the doctrine of res judicata does not exist for criminal cases except in the modified form of the 5th Amendment, . . . . It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. . . .
>
> [T]he 5th Amendment was not intended to do away with what in civil law is a fundamental principle of justice, . . . in order, when a man once has been acquitted on the merits, to enable the government to prosecute him a second time.

See also Ashe v. Swenson, 397 U.S. 442, 443-445 (1970). Thus, a proper dismissal of an indictment "on the merits" and "with prejudice" bars reindictment on the same charge, even if jeopardy has not attached. See, e.g., United States v. Blackwell, 900 F.2d 742, 745 (4th Cir. 1990); United States v. Cejas, 817 F.2d 595, 600 (9th Cir. 1987).

8

Here, although the district court dismissed Count Two based on facts not contained in the indictment, and later said that this dismissal was "with prejudice," unlike courts in similar cases, the court below did not do this at the government's request, compare Blackwell, 900 F.3d at 744, or explain that it was concluding that no prosecution for violating the statute charged was possible. Compare Cejas, 817 F.2d at 600. Rather, the district court made it quite clear that it was not addressing the general issue of guilt or innocence or concluding that no charge was possible for the offense alleged in the stricken count-- Cooper's asserted violation of § 7201 with regard to the 1987 tax year.**2**

The district court did find that because the Internal Revenue Service had granted Cooper an extension, permitting him to file his 1987 return after October 18, 1988, his failure to file his return by that date was not a "violation of law" as charged in Count Two of the first superseding indictment. But the court never suggested that Cooper was not guilty of the crime of attempted tax evasion for the 1987 calendar year or could not be charged with this offense.

In fact, to interpret the trial court's order dismissing Count Two in the way Cooper suggests--as a determination on the merits with prejudice that he could not be tried for a violation of§ 7201 in connection with the 1987 tax year--would undermine precedent prohibiting a district court from reviewing the substance of evidence which produces an indictment. See Costello v. United States, 350 U.S. 359, 363 (1956) (rejecting argument that indictment can be challenged as not supported by adequate evidence); United States v. Mills, 995 F.2d 480, 487 (4th Cir.) ("courts lack authority to review either the compe-

_____

**2** When, as here, an order of dismissal does not "contemplate[ ] an end to all prosecution of the defendant for the offense charged" then it is treated like a declaration of mistrial. Lee v. United States, 432 U.S. 23, 30-31 (1977). Thus, in such circumstances, even if jeopardy has attached, retrial is not barred unless the defendant's motion to dismiss the indictment was "provoked" by the government or "motivated by bad faith or undertaken to harass or prejudice" the defendant. Id. at 34 quoting United States v. Dinitz, 424 U.S. 600, 612 (1976). Here, as in Lee, there is no evidence of such overreaching by the government.

tency or sufficiency of evidence which forms the basis of an indict-
ment"), cert. denied, ___ U.S. #6D 6D6D#, 114 S.Ct. 283 (1993).**3**

Moreover, the government would not have been on notice of the
effect of the district court's order and so not able to exercise its right
to appeal because at the time the district court issued the dismissal
order the court did not in any way indicate that it was to have this
effect. In dismissing Count Two, the court below did not state that a
new indictment charging a violation of § 7201 in connection with the
1987 tax year could not be brought or even that the dismissal was
"with prejudice." Nor is there any indication of this in the docket
entry evidencing the dismissal order.**4**  Thus, to interpret the dismissal
order as Cooper suggests would mean that the government would not
have been provided with any notice or opportunity to appeal a dis-
missal order that assertedly barred for all time any prosecution against
Cooper for violation of § 7201 in connection with the 1987 tax year.
There is no indication that the experienced trial judge intended this
result and we see no reason to construe his dismissal order in this
inequitable manner.

_____

**3** It may be that Count Two in the second superseding indictment
charges a different offense than that charged in Count Two of the first
superseding indictment, i.e. attempt to evade assessment of a tax rather
than attempt to defeat payment of a tax. See Sansone v. United States,
380 U.S. 343, 354 (1965); Lawn v. United States , 355 U.S. 339, 341 n.1
(1958); United States v. Waldeck, 909 F.2d 555, 558 (1st Cir. 1990)
(dicta). But see, United States v. Mal , 942 F.2d 682, 687-88 (9th Cir.
1991); United States v. Dunkel, 900 F.2d 105, 107 (7th Cir. 1990),
vacated and remanded on other grounds, 498 U.S. 1043 (1991); United
States v. Masat, 896 F.2d 88, 97-99 (5th Cir. 1990), cert. denied, ___
U.S. ___, 113 S.Ct. 108 (1992). Similarly, it may be that the old count
is based on separate and distinct conduct from the new count. See Cohen
v. United States, 297 F.2d 760, 769-770 (9th Cir.), cert. denied, 369 U.S.
865 (1962). See also, United States v. Pollen, 978 F.2d 78, 85-87 (3rd
Cir. 1992), cert. denied, ___ U.S. ___, 113 S. Ct. 2332 (1993). We need
not and do not reach either of these questions here.
**4** It was not until more than a month later at the hearing on Cooper's
motion to dismiss Count Two of the second superseding indictment that
the trial court orally agreed with defense counsel that Count Two of the
first superseding indictment had been dismissed"with prejudice."

IV.

For the reasons stated, the judgment of the district court is

<u>AFFIRMED</u>.

11